## SANFORD v. BORING, Sheriff.

A Sheriff who levies a writ of attachment upon personal property, in obedience to the commands of the writ, has no right to let the property go out of his hands, except in due course of law; and if he does, and the debt is lost, he is responsible to the plaintiff in the attachment for the amount of the debt.

No parol instruction of the plaintiff in an attachment or execution, respecting property seized by the Sheriff under either writ, will discharge such Sheriff from liability. The statute is express that such instruction must be in writing.

The evident meaning of the language of the Act embraces all acts done by the Sheriff in respect to the execution of process, including the care and disposition of the property levied upon.

APPEAL from the Fourteenth District, County of Nevada.

This was an action against the defendant, Sheriff of Nevada county, for a failure to make a levy and sale of property—previously attached in the same suit—under an execution issued upon a judgment in favor of plaintiff and against Pultney & Armstrong.

Plaintiff also claimed the penalty of two hundred dollars given by

statute for failure of the Sheriff to return the execution within sixty days, as therein commanded.

The testimony, as well as the findings of the Court, disclose the following facts :

The plaintiff, Sanford, brought suit against Pultney & Armstrong for four hundred and twenty-nine dollars ; sued out an attachment, and placed the writ in the hands of the Sheriff, on the eighth day of February, 1858.

On the same day the Sheriff levied said writ upon personal property of Pultney & Armstrong (then defendants) sufficient to satisfy Sanford's claim.

The Sheriff did not remove the attached property, which consisted of saddles, horses, buggies, etc., but left it all in the stable where it was attached, and in the possession of Armstrong, one of the (then) defendants, who continued in possession, and conducted the business (livery stable keeping) as he had done before.

On the fifteenth of March, 1858, one J. B. Lobdell commenced suit with attachment against Pultney & Armstrong—placed the writ in the hands of the Sheriff, who levied it on the morning of the sixteenth, upon all of the personal property then in the possession of the defendant Armstrong.

On the same day Sanford recovered judgment in his suit against Pultney & Armstrong, and in the evening of that day, and after the levy of Lobdell's attachment, placed his execution in the hands of the Sheriff, who proceeded to levy it upon the property in the possession of Armstrong.

Neither Pultney or Armstrong owned any other property whatever in the county.

Lobdell afterwards recovered judgment against Pultney & Armstrong—took out execution—under which the Sheriff sold, and paid the proceeds to Lobdell, which were only sufficient to satisfy Lobdell's judgment and costs.

On the trial, the defendant offered to prove that plaintiff verbally directed the defendant to put Armstrong in possession of the property attached at the suit of Sanford as keeper.

This evidence was objected to, upon the ground that the statute

Sanford v. Boring.

required such instructions to be in writing. The objection was sustained by the Court, and defendant excepted.

Plaintiff had judgment for the full amount of his claim, and defendant appealed to this Court.

*McConnell & Niles* for Appellant.

*Chase & Caldwell* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

We see no error in this record. The action was brought against the defendant, Sheriff, to recover of him so much money, being the value of property in his hands, which he had levied on and suffered to remain in the possession of the defendant in attachment. Upon obtaining judgment, the plaintiff sued out execution, but the money was not made on it. We think the complaint is sufficient. It sets out the facts : That an attachment was levied upon sufficient property to satisfy the debt by the Sheriff; and that an execution was issued on the judgment subsequently had and placed in the Sheriff's hands, and the Sheriff failed to make the money. The levy of the attachment placed the property in the hands of the Sheriff to abide the judgment and execution, and this property was the plaintiff's security for his debt. If the Sheriff wasted or lost it, or suffered it to be diverted to some other purpose, he is liable. He had no right to suffer the property to go out of his possession, except in due course of law, and is responsible if he did. His return charges him with this property, and he has not discharged himself.

Nor did the Court err in refusing to permit evidence of parol instructions from the plaintiff in execution to the Sheriff, to permit the defendant to take or keep possession.

The statute is express, that no direction or authority by a party or his attorney to a Sheriff in respect to the execution of process, or the return thereof, or to any act in relation thereto, shall be available to discharge or excuse the Sheriff for a liability for neglect or misconduct unless it be contained in writing, etc.

The construction of appellant's counsel of this Act is too narrow and technical. The evident meaning of the language embraces *all* acts done by the Sheriff in respect to the execution of process, including, of course, the care and disposition of the property levied on—the most important of these acts.

The judgment is affirmed.