ORONOZ & CO., PLAINTIFF AND APPELLANT, *v.* ALVAREZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Aguadilla in an Action to Establish Right to Property.

No. 1326.—Decided February 21, 1916.

ATTACHMENT—POSSESSION OF PROPERTY—ABANDONMENT.—In order to preserve an attachment the officer levying it must retain his control and power of taking immediate possession of the goods, and if he fail to do this, the attachment will be regarded as abandoned.

ID.—CONTROL OF GOODS—EXTINGUISHMENT OF LIEN.—If the depositary of attached goods, and through him the marshal of the court, permit the goods to leave his possession and be taken in satisfaction of a second attachment and sold, the lien originally acquired is lost by the surrender of the control of such goods.

ID.—SECOND ATTACHMENT—SURRENDER OF GOODS—CUSTODY.—When goods already attached are levied on by a third person, the depository should refuse to deliver them on the ground that they are already in the custody of the law, and if taken forcibly, the depositary should prosecute his remedy before the court in order to avoid the loss of the lien.

ID.—JUDGMENT—JUDGMENT LIEN—PRIORITY.—Mere priority in judgment gives a first creditor no lien; an attachment or other similar proceeding is necessary, for, as between judgment creditors, the first to attach has the priority.

ID.—PREFERRED CREDITS.—The preferred credits to which sections 1822 *et seq.* of the Civil Code refer have no application to attachments.

The facts are stated in the opinion.

*Messrs. Reichard & Reichard* for the appellant.

*Mr. Juan B. Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Oronoz & Company, the complainants in this case, were also the complainants in a suit begun in the Municipal Court of San Sebastián against Santiago Rosa for the sum of

$289.23. In the San Sebastián court the complainants prayed and obtained an order of attachment to secure the effectiveness of the judgment. In pursuance of the order the marshal of the court attached enough goods of the debtor to satisfy the claim. It is an important fact in this case that the said goods were deposited with Joaquín Oronoz subject to the order and responsibility of Oronoz & Company.

The complainants in the present suit alleged that when the judgment of the municipal court became final it could not be executed on the attached goods because they had been seized and sold by virtue of process issuing out of the District Court of Aguadilla. The appellants would have us infer that they had a valid subsisting lien and that hence the subsequent attachment and sale thereunder were made subject to that lien.

As we have mentioned, the goods were deposited with Joaquín Oronoz who seems to be one of the complainants in this suit. Pedro Alvarez Paje had a claim prosecuted to judgment against the same debtor, Santiago Rosa. In execution of this judgment the marshal of the District Court of Aguadilla, in some manner not clear from the record, was allowed to take possession and sell the goods which had been in the custody of Joaquín Oronoz. It does not appear that the latter made any protest against the act of the marshal or that the complainants made any attempt in the District Court of Aguadilla to protect their alleged lien. They apparently relied entirely on the original attachment and deposit.

The authorities generally hold that to preserve an attachment the officer levying it must retain his control and power of taking immediate possession of the goods and if he fails to do this the attachment will be regarded as abandoned. 2 R. C. L. 867, Tit. Attachment. In the same work at page 868 it says that if the legal possession of attached goods and chattels is lost, the attachment which is dependent upon such possession is dissolved. *Sanford* v. *Boring,* 12 Cal. 539; *Weston* v. *Dore,* 43 Am. Dec. 259. The same principle is expressed in 4 Cyc. 654. Joaquín Oronoz, and through him the marshal

of the municipal court, permitted the goods attached to wander out of their possession and the lien originally acquired was lost.

The record shows that the marshal of the District Court of Aguadilla attempted to pay to Oronoz & Company the amount of their judgment in the municipal court, but that the District Court of Aguadilla, at the instance of Alvarez Paje, ordered the same paid to Pedro Alvarez Paje. The exact reason for this action of the district court does not appear, but in the absence of a showing to the contrary it must be presumed that the marshal of the district court made a return showing that he had attached property of the debtor. There is nothing in the record to show that the marshal of the district court consented or agreed to take the goods subject to the first attachment. We might doubt whether the District Court of Aguadilla would have been bound by such an agreement, as the theory of the attachment of personal property is that the lien vanishes with the loss of control by the executing officer and here the marshal of the municipal court or his depositary Oronoz gave up. or lost. the possession. Any private agreement between the two marshals would doubtfully affect Alvarez Paje or the right of the court to order the satisfaction of the judgment of said Alvarez Paje against the goods in the hands of the marshal. It surely could not affect the court unless the agreement was shown.

The complaint charges that Pedro Alvarez Paje had knowledge of all the proceedings and his knowledge is an admitted fact in this case. It appears also, as we have seen, that the marshal was about to pay the judgment of Oronoz obtained in the municipal court and that the district court at the instance of Alvarez Paje, ordered the proceeds paid to the latter. We do not see that any cause of action against Alvarez Paje arises thereby in favor of the complainants. It is not charged or shown that Oronoz or the marshal of the municipal court gave up its control of the goods by reason of any overture or promise, direct or implied, proceeding from Alvarez Paje.

The lien was lost by giving up the control, and if the complainants were induced to give up that possession by reason of any promise or inducement of Alvarez Paje, such promise or inducement should have been shown.  Otherwise no cause of action by estoppel or otherwise arises.  The complainants or their agent abandoned the control.  When the other creditor or the marshal of the district court presented himself the custodian, Oronoz, should have refused to deliver upon the ground that the goods were already in the custody of the law.  If then the marshal of the district court took them forcibly, the said depositary would have had a direct recourse to the district court.  The record does not disclose that the depositary, the marshal of the municipal court, or the complainants here, took any steps to avoid the loss of the lien.

The district court, in deciding in favor of Pedro Alvarez Paje, based its reasoning on the fact that the said creditor had a judgment which antedated the judgment of the complainants and appellants in this case.  We have recently decided that mere priority in judgment gives the prior creditor no lien.  *Auffant* v. *Succession of Manuel de J. Ramos et al., ante,* p. 385.  An attachment or other similar step is necessary to give the judgment a priority and as between judgment creditors the first to attach has the priority.  It is a race of diligence.  The priority of payments to which sections 1822 *et seq* of the Civil Code relate has no application to attachments.  The judgment must be

*Affirmed.*


Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.