[Civ. No. 1954.  Second Appellate District.—November 14, 1917.]

## HENRY ROBINSON, Respondent, v. T. A. BAKER et al., Appellants.

SHERIFF — RELEASE OF ATTACHMENT — LACK OF WRITTEN AUTHORIZATION—LIABILITY FOR JUDGMENT—CONSTRUCTION OF SECTION 4166, POLITICAL CODE.—Under section 4166 of the Political Code, which provides that no direction or authority by a party or his attorney to a sheriff, in respect to the execution of process or return thereof, or to any act or omission relating thereto, is available to discharge or excuse the sheriff from a liability for neglect or misconduct, unless it is contained in a writing, signed by the attorney of the party, or by the party, if he has no attorney, a sheriff who levied a writ of attachment upon certain real estate, and thereafter released such attachment without obtaining the written consent of the attaching party, and placed the attachment upon money in escrow payable to the defendant, in consequence of which plaintiff's judgment was not satisfied, is liable to the plaintiff for the amount of his judgment.

APPEAL from an order of the Superior Court of Kern County denying a new trial.  J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. J. Emmons, and R. J. Hudson, for Appellants.

E. L. Foster, and T. F. Allen, for Respondent.

JAMES, J.—This appeal is taken from an order denying a motion made in the superior court by defendant T. A. Baker for a new trial after an adverse judgment had been entered against him.

At the times material to this controversy Baker was sheriff of the county of Kern.  As such sheriff there had been placed in his hands a writ of attachment in an action brought by this plaintiff, Robinson, against one Valentine.  Acting under written direction of Robinson's attorney, Baker caused a levy to be made upon certain real estate standing in the name of Valentine.  It appears that at the time this attachment was levied negotiations were pending for the sale of the same real estate, and money had been deposited in escrow to an amount more than equaling the demand of Robinson in his suit

against Valentine. The agent of the proposed purchasers discovered the existence of the lien of the attachment and made effort to have the property cleared. They interviewed Baker, the sheriff, and it was suggested that the real estate be released and the attachment be placed upon the money which had been deposited as before mentioned. Baker, after some talk with the attorney for Robinson, the plaintiff in the attachment suit, and possibly also with the plaintiff himself, released the real estate and levied or attempted to levy upon the money. For some reason the attachment did not hold as against the fund, and Robinson's claim was not satisfied after judgment. This action was then brought against the sheriff to recover the amount of that judgment, the claim made being that Robinson was deprived of the security which he had obtained by the levying of the writ of attachment upon the real estate. It was alleged that the act of the sheriff in releasing the real estate was without the authority of the plaintiff. At the trial the defendant sought to prove that oral authorization had been given to the sheriff to release the real estate and that the sheriff had acted under such authorization, which authorization the appellant contends was sufficient in law to protect the sheriff against the liability here sought to be enforced. The trial judge, after hearing the testimony as to the alleged oral instructions, ordered all of that testimony stricken out, holding that under the provisions of section 4166 of the Political Code the sheriff could only be protected in releasing an attachment, under the facts exhibited here, by justifying under written direction so to do made by the plaintiff or his attorney. A part of the testimony stricken out was that given by appellant Baker, as follows: "Well, the day that the release was made, I interviewed Mr. Foster [the attorney for Robinson] and asked him if he had any objections to me releasing the real estate and serving the attachment on two thousand dollars in cash that had been placed in Mr. McDonald's hands in escrow to purchase this land, and he said that he considered the money better than the land, and so far as he was concerned, he had no objections to making the release, but he didn't care to give me any written instructions, but he was willing to have me release the real estate and attach the money." Section 4166 of the Political Code provides that "No direction or authority by a

party or his attorney to a sheriff, in respect to the execution of process or return thereof, or to any act or omission relating thereto, is available to discharge or excuse the sheriff from a liability for neglect or misconduct, unless it is contained in a writing, signed by the attorney of the party, or by the party, if he has no attorney.'' The provisions of this section seem to us to be very clear and not reasonably susceptible of misconstruction. The section plainly advises sheriffs that they must have written authority in relinquishing liens acquired under process. Respondent has cited us to a number of decisions from eastern states, where like provisions of a law were considered, and the expressions in the opinions are quite uniform to the effect that the purpose of the law is 'to prevent disputes and contradictory proof being made where an attaching officer is being charged with a negligent act of omission or commission in connection with the service or handling of court process. We find that this statute has had a place in the law of this state for a great many years. It is incorporated, in practically the exact text now found in the Political Code, in an act of the legislature passed in 1851, defining the duties of sheriffs. (Stats. 1851, p. 196.) In the case of *Sanford* v. *Boring*, 12 Cal. 539, the court gave consideration to the statute and held that evidence of parol instructions given by a plaintiff to the sheriff is not admissible. The case there is parallel with this one on the question involved. We quote from that opinion: ''Nor did the court err in refusing to permit evidence of parol instructions from the plaintiff in execution to the sheriff, to permit the defendant to take or keep possession. The statute is express, that no direction or authority by a party or his attorney to a sheriff in respect to the execution of process, or the return thereof, or to any act in relation thereto, shall be available to discharge or excuse the sheriff for a liability for neglect or misconduct unless it be contained in writing, etc. The construction of appellant's counsel of this act is too narrow and technical. The evident meaning of the language embraces *all* acts done by the sheriff in respect to the execution of process, including, of course, the care and disposition of the property levied on—the most important of these acts.'' While it is no doubt true that a party may always ratify an unauthorized act, we find no evidence in the record sufficient to warrant the conclusion that

Robinson in any such manner bound himself in affirmation
of the sheriff's act in releasing the real estate attachment.
It may be remarked that the record shows that the attorney
for Robinson testified that he refused to consent to allow the
sheriff to release the real estate. However, the question of
preponderance of evidence is not one to be considered here, for
if the direction to release could be shown by parol, then the
appellant would be correct in his contention that the court
erred in striking out the testimony quoted. We think that
the trial court was right in its ruling and that the order re-
fusing to grant a new trial was properly made.

The order is affirmed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on January 10, 1918.