BURGOS, PLAINTIFF AND APPELLEE, *v.* BERRETIAGA & MARTIN, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action for Annulment of Proceedings.

No. 3273.—Decided July 26, 1924.

ATTACHMENT— PERSONAL PROPERTY— COMPROMISE — FORCED SALE. — If attached personal property is delivered to the debtor by virtue of a compromise of the suit, the attachment is dissolved; therefore, a sale of the said property by the marshal thereafter at the instance of the plaintiff and without a new attachment is null and void.

DEBT—DEFAULT JUDGMENT.—On proof that in a former action by the plaintiff to recover $66.52 from the defendant the plaintiff agreed to compromise for the sum of $50 which was paid to him, it was *Held:* That the default judgment recovered by the creditor against the debtor for the sum of $66.52 and the costs eleven months after the compromise is void because based on a false cause, for the defendant did not owe the sum that he was adjudged to pay.

The facts are stated in the opinion.
*Mr. J. J. Aponte* for the appellants.

*Mr. A. Porrata* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Judgment was rendered for the plaintiff in the Municipal Court of Guayama and the defendants appealed to the district court. The evidence was again heard in that court and judgment was again rendered in favor of the plaintiff, whereupon the defendants appealed to the Supreme Court. The appellants assign ten errors in their brief and these have been rebutted in the appellee's brief. We have examined the pleadings, the evidence and the briefs and in our opinion the facts have been stated and all the questions involved disposed of correctly by the court below in its opinion in support of its judgment. District Judge Castejón expressed himself as follows:

"This is a case coming up on appeal from the Municipal Court of Guayama.

"From the evidence examined at the trial in this court the following facts are found:

"That on November 17, 1921, the defendants in this case, a mercantile partnership, brought an action in the Municipal Court of Guayama against this plaintiff, Tomás Burgos, to recover the sum of $66.52 for merchandise sold to him, with the costs.

"That to secure the effectiveness of the judgment an attachment was granted and levied on an automobile belonging to Burgos on the day following the filing of the complaint, or on November 18, 1921.

"That on the same day the creditors and the debtor, as we shall call hereafter the parties to the first suit, made an agreement under which Burgos, the debtor, should pay on account to the creditors, Berretiaga & Martín, the sum of $50, $25 to be paid immediately and the remaining $25 to be secured by a promissory note signed as surety by José Forcelledo and payable on December 16, 1921, or one month after the agreement, the creditors agreeing to return to the debtor the attached automobile.

"These stipulations were performed in all particulars by both parties, Berretiaga & Martín receiving the amount offered and also the document secured by Forcelledo, which was paid by the latter

on January 14, 1922, scarcely a month after the obligation became due.

"That at this stage and by a motion without date the creditors moved for a default judgment against the debtor for the whole sum claimed, or $66.52, with the costs. Such judgment was rendered and entered on October 6, 1922, the debtor being adjudged to pay the amounts claimed.

"That on November 1, 1922, the creditors, Berretiaga & Martín, moved for the execution of the judgment and for the issuance of an order to the marshal for the sale of the property attached, which order was issued for the amount claimed plus something over $7 for costs.

"That after due notice the property was sold at auction on November 28, 1922, to the creditors for the amount of the judgment.

"That by virtue of the said sale the marshal again seized the automobile and delivered it to the creditors in payment of their credit.

"That the defendant in this case did business with the automobile in question and lived on the receipts, but was deprived of this means of livelihood for three months, his receipts being about $20 a week, and that the automobile on the day on which the plaintiff was dispossessed of it was worth $200.

"The question in this case is made to depend upon the terms of the compromise, for although the plaintiff alleges that by virtue thereof the suit was terminated, the defendant maintains that the agreement had no such effect; that the plaintiff agreed to pay all of the expenses of the suit including attorney's fees, amounting at that time to $15, and that this amount added to the $16.50, the balance of the principal, made up the sum of $31.50 owing to the defendants which the plaintiff agreed to pay at the rate of $5 a month.

"But whatever may be the interpretation sought to be given to the compromise, it is a fact that when the default judgment was moved for the plaintiff, Burgos, did not owe to the defendants the sum of $66.52, that being the amount for which judgment was entered, and it is as clear as sunlight that the judgment was obtained without cause, by surprise and to the prejudice of the debtor who had reduced his debt to an amount less than that of the judgment, whether his allegations or those of the defendants are accepted as true.

"Execution was levied on property of the debtor under that judgment. The following question now arises: Was the property of the debtor subject to the attachment after it had been returned

to him under the compromise or agreement between the parties? The only answer is in the negative! The statutes that govern the possession of attached property are very well known, and such property is considered to be *in custodia legis* while in the possession of the marshal or of some other person in representation of the plaintiff, the àttachment being considered dissolved when the marshal or the depositary loses possession of the personal property attached.

"'Except so far as authorized by special statutory provision, therefore, he (the officer) cannot leave such property with the debtor, without dissolving the attachment.' 17 R.C.L. 236, sec. 132.

"The doctrine which upholds the dissolution of the attachment by the loss of possession of the personal property attached is sanctioned by all the authorities.

"In 2 Ruling Case Law, 868, the following is said:

"'If the legal possession of attached goods and chattels is lost, the attachment which is dependent upon such possession is ipso facto dissolved.' Sanford v. Boring, 12 Cal. 539; Weston v. Dor, 43 Am. Dec. 259; and the same principle is laid down in 4 Cyc. 654.

"In the light of such principles it is easy to conclude that the creditors, Berretiaga & Martín, had no right to proceed to the sale of the automobile in question which was already free from the attachment; therefore, that the sale was unlawful.

"In conclusion we may say that neither by the judgment nor by the attachment were Berrètiaga & Martín authorized to sell the property. Under the former because it was founded on a false cause, inasmuch as Burgos did not owe the sum represented by the judgment; and under the latter because it had been dissolved by the return of the attached property to the debtor.

"For these reasons we are of the opinion that we should and do hereby declare null and void the judgment rendered by the Municipal Court of Guayama on October 6, 1922, in case No. 1794 of Berretiaga & Martín vs. Tomás Burgos, action of debt, as well as all proceedings subsequent thereto and in furtherance of its execution, such as the writ of execution and the sale of the debtor's property, it being ordered that the automobile sold be restored to the possession of the plaintiff in this case, Tomás Burgos, and in case it may not be in the possession of the defendants, Berretiaga & Martín, they shall pay to plaintiff Burgos its value of $200; provided, further, that the said defendants shall pay to the plaintiff the sum of $300 as damages for what he failed to earn and for the use and enjoyment of the said automobile; but notwithstanding this judg-

ment Berretiaga & Martín may recover from plaintiff Burgos the balance of their credit. The defendants shall pay the costs.''

By virtue thereof and upon the authority also of the case of *García* v. *Humacao Fruit Co.,* 25 P.R.R. 635, the appeal is dismissed and the judgment rendered by the District Court of Guayama on November 6, 1923, is

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.