BURGOS, DEMANDANTE Y APELADO, *v.* BERRETIAGA & MARTÍN, DEMANDADA Y APELANTE.

No. 3273.—*Visto:* Junio 13, 1924. *Resuelto:* Julio 26, 1924.

EMBARGO DE BIENES MUEBLES—DISOLUCIÓN DE EMBARGO—VENTA JUDICIAL NULA. —Si los bienes muebles embargados son entregados al deudor a virtud de transacción del pleito, el embargo queda disuelto, por lo que la posterior venta por el márshaḷ de tales bienes sin nuevo embargo, a solicitud del demandante, es nula.

COBRO DE DINERO—SENTENCIA EN REBELDÍA—NULIDAD DE SENTENCIA. — Probado que en un pleito anterior en el que el demandante reclamaba $66.52 del demandado, a virtud de transacción el acreedor demandante convino en recibir y recibió la suma de $50. *Se resolvió:* que la sentencia en rebeldía gestionada y obtenida por el acreedor once meses después de celebrada la transacción por virtud de la cual fué condenado el deudor a pagar los $66.52 y las costas, es nula por fundarse en una causa falsa, pues el demandado no adeudaba la suma a que fué condenado.

SENTENCIA de *G. Castejón,* J. (Guayama), declarando nula la sentencia de la corte municipal y nulos los demás procedimientos en ejecución y remate de bienes, con las costas. *Confirmada.*

*J. J. Aponte,* abogado de la apelante; *A. Porrata,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Dictada sentencia favorable al demandante en la Corte Municipal de Guayama, la parte demandada apeló para ante la corte de distrito. Se oyó en ésta de nuevo la prueba y volvió a dictarse sentencia favorable al demandante y la parte demandada a apelar, esta vez para ante la Corte Suprema. Diez errores señala la apelante en su alegato que han sido rebatidos en el de la parte apelada. Hemos examinado las alegaciones, las pruebas y los alegatos, y a nuestro juicio los hechos han sido expuestos y todas las cuestiones envueltas resueltas por la corte inferior debidamente en la opinión emitida para fundar su sentencia. El juez de distrito Sr. Castejón se expresó así:

"Este es un caso que procede en apelación de la Corte Municipal de Guayama.

"De la prueba practicada en el juicio que tuvo lugar ante esta corte han resultado probados los siguientes hechos:

"Que en noviembre 17, 1921, la demandada en estos autos, que es una Sociedad Mercantil, dedujo demanda ante la Corte Municipal de Guayama en contra del hoy demandante Tomás Burgos, reclamándole la suma de $66.52, procedente de mercaderías y efectos de comercio que les fueron vendidos y a más las costas del litigio.

"Que por vía de aseguramiento de sentencia se decretó y practicó el embargo en bienes del deudor Burgos, trabándose el mismo en un automóvil . . . . cuyas diligencias tuvieron lugar al siguiente día de presentada la demanda, o sea el 18 de noviembre de 1921;

"Que en la propia fecha el acreedor y el deudor, pues así llamaremos en lo sucesivo a las partes del primer pleito—celebraron un convenio por virtud del cual el deudor Burgos abonaría a la acreedora Berretiaga y Martín la suma de cincuenta dólares: veinte y cinco dollars entregados en el acto y los $25.00 restantes en un pagaré que había de garantizar el Sr. José Forcelledo, y pagadero

el día 16 de diciembre de 1921, o sea al mes siguiente del convenio, obligándose la sociedad acreedora a entregar al deudor el automóvil embargado.

"Tales estipulaciones fueron cumplidas en todas sus partes por ambos contratantes; obteniendo Berretiaga y Martín el pago de la suma ofrecida y además el documento garantizado por Forcelledo, el cual hízose efectivo por este último en 14 de enero de 1922, un mes escaso después de vencida la obligación.

"Que así las cosas y por una moción que no tiene fecha, la acreedora solicitó sentencia en rebeldía contra el deudor por el total de la suma reclamada o sea sesenta y seis dollars cincuenta y dos centavos y las costas, la cual fué anotada y dictada en 6 de octubre de 1922, condenándose al deudor al pago de las sumas reclamadas;

"Que en primero de noviembre de 1922, la acreedora Berretiaga y Martín solicitó la ejecución de la sentencia y que se librara orden de venta al Márshal de los bienes embargados la cual fué librada por la cantidad reclamada con más de siete dollars por concepto de costas;

"Que previo los trámites de ley el remate de los bienes tuvo lugar el día 28 de noviembre de 1922, adjudicándose los bienes embargados a la acreedora por el importe de la sentencia;

"Y que a virtud del citado remate el Márshal se incautó de nuevo del automóvil entregándolo a la acreedora en pago de su crédito;

"Que el demandado en este caso trabajaba con el automóvil en cuestión de cuya explotación vivía, habiendo estado sin trabajar por espacio de tres meses, siendo sus entradas o ganancias de $20.00 semanales, y que el automóvil en cuestión tenía en la fecha en que le fué quitado al demandante un valor de $200.00.

"La cuestión en discusión en el presente caso se hace descansar en los términos de la transacción, pues si bien el demandante alega que a virtud de ella quedó levantado y terminado el pleito, la demandada sostiene que el convenio no produjo tales efectos y que el demandante se comprometió a pagar todos los gastos del pleito incluso honorarios de abogado ascendentes entonces a la suma de quince dollars, que unidos a los diez y seis dólares cincuenta y dos centavos resto del principal, sumaban la cantidad de $31.50 a favor de la demandada y la cual se comprometió a pagar el demandante a cinco dólares mensuales.

"Pero cualquiera que sea la interpretación que quiera darse a la transacción, es un hecho cierto que al solicitarse la anotación de rebeldía y sentencia el demandante Burgos no adeudaba a la demandada la suma de $66.52 reclamada y por cuya cantidad fué anotada

la citada sentencia, siendo claro como la luz meridiana que tal resolución fué obtenida sin causa, por sorpresa y en perjuicio del deudor que había reducido su deuda a una cantidad inferior a la sentencia, bien se acepten sus alegaciones o las de la propia demandada.

"La ejecución de bienes del deudor se llevó a cabo a virtud de la tal sentencia. Y surge en nuestra mente la siguiente pregunta: ¿Estaban los bienes del deudor sometidos a la orden de embargo luego de haber sido entregados al mismo, a virtud de la transacción o convenio habido entre las partes? La respuesta que se impone es negativa. Bien conocidos son los preceptos que regulan la posesión de bienes embargados, los cuales se consideran 'en custodia legis' mientras permanecen en poder del Márshal o de otra persona en representación del demandante, estimándose disuelto el embargo cuando se pierde por el Márshal o por el depositario la posesión de la propiedad mueble embargada.

" '. . . . Excepto en cuanto esté autorizado por una disposición especial del estatuto en su consecuencia, el márshal no puede dejar los bienes en poder del deudor sin disolver el embargo. . . . .' (Sec. 132, 17 R.C.L., pág. 136).

"La doctrina que sostiene la disolución del embargo por la pérdida de posesión de los bienes muebles embargados está sancionada por todas las autoridades.

"En Ruling Case Law, tomo 2, pág. 868, se dice:

" 'Que si se pierde la posesión legal de los bienes y objetos personales que han sido embargados, el embargo que está sujeto a dicha posesión, queda disuelto.' *Sandford* v. *Boring,* 12 Cal. 539; *Westerns* v. *Door,* 48 Am. D.I.C. 259; y el mismo principio se establece en 4 Cyc. 654.

"A la luz de tales principios se hace fácil llegar a la conclusión que la acreedora Berretiaga y Martín no tenía derecho alguno para proceder a la venta del automóvil en cuestión el cual estaba ya fuera del embargo y por tanto que tal venta fué ilegal.

"En conclusión podemos decir que tanto por la sentencia cuanto por el embargo, Berretiaga y Martín no estaban autorizados para la venta de los bienes: en cuanto a la primera por fundarse la misma en una causa falsa, pues el deudor Burgos no adeudaba la suma que forma el importe de tal sentencia; y en cuanto al segundo por haber quedado disuelto a virtud de la entrega al deudor de los bienes embargados.

"En tal virtud, somos de opinión que por ello procede declarar como declaramos nulos y sin valor legal alguno la sentencia dictada

por la Corte Municipal de Guayama, el día 6 de octubre de 1922, en el pleito 1794 de *Berretiaga y Martín* v. *Tomás Burgos*, sobre cobro de dinero, así como todos los procedimientos subsiguientes a la misma y tendentes a su ejecución, tales como orden de ejecución y remate de bienes del deudor; *disponiéndose* que el automóvil rematado vuelva a la posesión del demandante en este caso, Tomás Burgos, y para el caso de que el mismo no se encuentre en poder de la demandada Berretiaga y Martín, ésta abonará al demandante Burgos como precio del mismo, la suma de doscientos dólares; *disponiéndose, además,* que la citada demandada pagará al demandante la suma de trescientos dólares en concepto de daños y perjuicios por lo dejado de ganar por el demandante y además por el uso y disfrute del referido automóvil, pudiendo Berretiaga y Martín obtener del demandante Burgos, no obstante esta sentencia, el resto de su crédito. Las costas de este caso se imponen a la demandada.''

En tal virtud, y por la autoridad además del caso de *García* v. *Humacao Fruit Company,* 25 D.P.R. 682, debe declararse *sin lugar el recurso y confirmarse la sentencia apelada* que dictó la Corte de Distrito de Guayama el 6 de noviembre de 1923.