[Civ. No. 11608. First Dist., Div. One. Aug. 8, 1941.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Respondent, v. GEORGE J. FRATIES, Defendant; E. S. FREITAS, Third Party Claimant and Appellant.

H. W. Glensor and Pierce J. Deasy for Appellant.

John J. Taheny for Respondent.

WARD, J.—This appeal involves the denial of the right of a third party claimant to present any evidence in support of his claim.

The respondent brought action against defendant George J. Fraties and attached eight trucks in his possession. His brother, E. S. Freitas, who spelled his name differently, filed

a third party claim with the sheriff alleging that he had purchased the trucks from defendant. In a hearing to determine title under sec. 689, Code Civ. Proc., the court found that the transfer was fraudulent and void as to the creditors of defendant.

Except to say that a remark, hereinafter referred to, made by the trial court with reference to the testimony of the defendant may have been well founded, and that such testimony when considered with certain statements in a deposition of the third party claimant may factually have warranted the judgment as rendered, we are convinced that appellant, the third party claimant, was denied his constitutional right to a hearing upon the issues raised.

Section 689, Code Civ. Proc., provides a system for formulating issues when personal property is levied upon. It is a summary proceeding. There is no provision for the granting of a new trial or a rehearing, but an appeal lies from any judgment determining title under the section. The court in its sound discretion may designate the order of proof, but upon the third party claimant rests the burden of proof, and he is therefore entitled to present evidence in support of his claim. The record before us does not show that any evidence on his behalf was introduced owing to the trial court's action in pronouncing judgment before the plaintiff, respondent herein, had finished introducing evidence to combat the allegations in the third party claim on file.

The record discloses that the hearing started at 12:30 p. m. and was heard to its conclusion without a recess; that the attaching plaintiff opened the case without any discussion as to who should first proceed. Plaintiff offered proof to show that it was a creditor, and then, without reading the contents thereof to the court, offered in evidence as an exhibit a deposition of a third party claimant taken pursuant to the provisions of section 2055, Code Civ. Proc. The deposition covers some forty pages of typewritten matter. Plaintiff presented a motion to strike out several parts of the deposition. This motion was taken under submission and not ruled upon. Counsel for plaintiff stated: "Now, your Honor, the deposition of the third party claimant, Emanuel S. Freitas, was taken on August 6, 1940. It is rather a full and comprehensive deposition. I could read it to your Honor but to save time I would suggest that it just be filed

and your Honor can read it or just refer to it." Thereupon the defendant was called by plaintiff. During the taking of his testimony the record shows in part the following: "The Court: I think we are wasting a lot of time with this. I am going to deny the petition and let it stand as attached property. Mr. Taheny [attorney for plaintiff] : I can prove a lot more, your Honor. The Court: I don't think it is necessary. It is rather nauseating to sit here and listen to this examination. It seems to me it almost ought to be referred to the Grand Jury. The third party petition is denied. Mr. Grennan [attorney for third party claimant] : If it please your Honor, the brother would certainly have a side to his case, and it seems it is only fair, in view of the fact that these thousands of dollars are involved, that we should be permitted to put on our evidence. The Court: I don't know that I would expect any judicial officer or any court to listen to that character of testimony. I think you will agree with me. . . . Mr. Grennan: I don't blame you a bit."

Respondent contends that there was no immediate delivery of the trucks, nor actual and continued change of possession, and that the retention of the property by the defendant rendered the alleged transfer to his brother fraudulent and void as against the attaching creditor. In support thereof, respondent quotes from certain testimony of the defendant on the trial of the case and from certain portions of the deposition of the third party claimant. Assuming that the court read the deposition or the salient portions thereof, and that the evidence presented caused it to reach the conclusion set forth in the judgment, we are nevertheless confronted with the fact that the third party claimant was not permitted to prove that the testimony of his brother was incorrect by cross-examination of the witness, by presenting evidence to the contrary or by an explanation of any testimony given in his own deposition. The third party claimant was precluded from presenting his side of the case. It was a possible deprivation of property without due process. Section 689, Code Civ. Proc., provides: " . . . the third party claimant . . . shall be entitled to a hearing." In a summary proceeding a court is not required to observe all of the formalities of an ordinary trial, but this does not mean that a party thereto may be precluded from presenting *any* evidence.

Respondent suggests that the third party claimant did not disclose the nature of the evidence supporting his claim. An informal offer "that we should be permitted to put on our evidence" was made. We cannot hold that a formal offer of proof, by designation of the particular facts expected to be proved, was necessary after the court had stated: "The third party petition is denied." Respondent construes the statement of the attorney for the claimant—"I don't blame you a bit"—as an assent and acquiescence in the action of the court. On the contrary, the attorney made it plain that he desired to present evidence. The remark was merely indicative of the attorney's agreement with the views of the court that the evidence presented by the defendant, whose testimony was in part adverse to that of the third party claimant, was nauseating and should be referred to the grand jury.

The court in its judgment determined that the consideration for the transfer was inadequate; that there was not an actual and continued change of possession, and that the transfer was ineffectual because of non-compliance with section 186 of the Vehicle Code. On the last point the evidence as to what actually occurred in the way of registration following the transfer of April, 1940, from the conditional vendor to the third party claimant, is incomplete. It is possible that these matters might have been cleared up in favor of one of the interested parties had further evidence been presented.

Section 4½ of art. VI of the Constitution was not intended to abrogate constitutional guaranties.

The judgment is reversed.

Peters, P. J., and Knight, J., concurred.