[Civ. No. 12305. Third Dist. Oct. 20, 1970.]

HOWARD JOHNSTON, Plaintiff and Appellant, v.
JERRY CUNNINGHAM, Defendant;
JOSEPH SPINELLI, Third Party Claimant and Respondent.

## COUNSEL

Carrico & Carrico, Jack E. Carrico and Pamela Fawn Carrico for Plaintiff and Appellant.

No appearance for Defendant.

Millington & Millington and Robert Millington for Third Party Claimant and Respondent.

Daniel V. Blackstock, County Counsel (Butte), and Neil McCabe, Deputy County Counsel, as Amici Curiae on behalf of Third Claimant and Respondent.

## OPINION

FRIEDMAN, Acting P. J.—This is an appeal from an order sustaining a release of attachment by the constable and "allowing" a third party claim.

The problem centers on that provision of the first paragraph of Code of Civil Procedure section 689, which permits the levying officer to release personal property from a levy after a third party claim has been made "unless the plaintiff . . . within five days after written demand by such officer, made by registered or certified mail within five days after being served with such certified claim, gives such officer an undertaking . . . ."

Here plaintiff attached defendant Cunningham's prune crop, which was being held in a dehydrator owned by one Kimura. On November 4, 1968, the claimant Spinelli delivered his third party claim to the constable. On the same day the constable mailed plaintiff's attorney, Mrs. Pamela Carrico, a copy of the claim with a covering letter which informed Mrs. Carrico that she was "hereby served" with the claim. The letter contained

no demand for an undertaking by plaintiff, Mrs. Carrico's client. At some unspecified time thereafter (according to a stipulation) the constable telephoned Mrs. Carrico and asked if her client was going to put up an undertaking, to which she replied that plaintiff had put up an attachment bond and was not going to put up the undertaking described in section 689 because no written demand for such an undertaking had been made.

On November 15, 1968, plaintiff filed a petition for a hearing to determine Spinelli's title and the trial court set the petition for hearing on December 2.[1] Also on November 15 plaintiff took a default judgment in the principal action. The constable did not choose to await the December 2 hearing but on November 20 released the attachment. At the request of plaintiff through attorney Carrico, the trial court then issued an order addressed to the constable, directing him to show cause on December 2 why the attachment should not be reinstated. At some time prior to December 2 the prunes were sold.

On December 2 attorneys for plaintiff and the claimant appeared before the trial court. Counsel for the constable also appeared. The hearing revolved around the absence of a written demand for the undertaking described in section 689. No evidence of title to the prune crop was taken. The trial court filed an opinion declaring that there had been "substantial compliance" with the statute on the part of the constable and entered the order from which the appeal is taken.

■ The trial court committed reversible error in sustaining the release of attachment and allowing the Spinelli claim. ■ The third party claim provisions of the Code of Civil Procedure are part of the body of California attachment statutes. (Code Civ. Proc., § 549.) Attachment proceedings are purely statutory and the statutes must be strictly construed and followed. (*Brun* v. *Evans,* 197 Cal. 439, 443 [241 P. 86]; *Arcturus Mfg. Corp.* v. *Superior Court,* 223 Cal.App.2d 187, 189-190 [35 Cal.Rptr. 502].)

An 1891 amendment to section 689 established the requirement of an undertaking by the levying creditor after a third party had laid claim to the property. The undertaking ran in favor of the sheriff and was to be forthcoming "on demand" by that officer. (Stats. 1891, ch. 32.) In 1929

---

[1]The eighth paragraph of section 689 entitles either the attaching creditor or the third party claimant to a hearing on the question of title "whether any undertaking hereinabove mentioned be given or not." The petition for hearing must be filed within 15 days after the third party claim is delivered to the officer. According to the same paragraph of section 689, a title determination adverse to the claimant will permit the attaching creditor to retake the property even though it had earlier been released for want of the undertaking.

the statute was amended to call for a written demand and to make the claimant, rather than the levying officer, beneficiary of the undertaking. (Stats. 1929, ch. 341; see *Cory* v. *Cooper,* 117 Cal.App. 495 [4 P.2d 581].) A 1933 amendment, now found in the sixth paragraph of section 689, expressly relieved the levying officer from liability for holding or releasing the property "in accordance with the provisions of this section." (Stats. 1933, ch. 744.) A 1961 amendment inserted the provision that the demand be made by registered or certified mail. (Stats. 1961, ch. 322.)

 Both on its face and in the light of its legislative history, section 689 requires the written demand as a prerequisite to the creditor's obligation to post the undertaking. Absent any statutory ambiguity or internal conflict, the phrase "written demand" must receive its ordinary meaning, that is, as denoting a command or authoritative request in written form. (Cf. *Smith* v. *Municipal Court,* 167 Cal.App.2d 534, 538 [334 P.2d 931].) The objective of the written command is an undertaking to indemnify the claimant. A mere notice of a third party claim fails to express that command.

 If permitted to stand, the trial court's "substantial compliance" rationale would effectually abrogate the written demand as a prerequisite to the creditor's obligation to post an undertaking. "Substantial compliance cannot be predicated upon no compliance." (*Hall* v. *City of Los Angeles,* 19 Cal.2d 198, 202 [120 P.2d 13].) The statute cannot be construed to "omit what has been inserted" and all its provisions must be given effect. (Code Civ. Proc., § 1858.)

An analogy appears in *Robinson* v. *Baker,* 35 Cal.App. 318 [169 P. 694]. There a statute required that a sheriff have written authority to release an attachment. In view of the statutory requirement of a writing, the court held that evidence of an alleged oral authorization was inadmissible. (See also *Tuman* v. *Brown,* 59 Cal.App.2d 16, 21-22 [138 P.2d 363].)

 Moreover, since the constable failed to give the prescribed written demand, his later oral demand was ineffectual. (Cf. *Tuman* v. *Brown, supra; Robinson* v. *Baker, supra.*) There should be no implication that the statute invests the officer with discretion to make or withhold a written demand. A constable is a ministerial or executive officer, not a judicial officer. (*Vallindras* v. *Massachusetts etc. Ins. Co.,* 42 Cal.2d 149, 154 [265 P.2d 907].) The point here is that he failed to follow the statute. That failure put plaintiff and his attorney in the untenable position of prognosticating the outcome of an uncertain legal situation. Plaintiff and his attorney were entitled to rely upon the statute as written.

■ The constable had no authority to release the attached property except as a result of proceedings complying with the applicable statutes. (*Hesser* v. *Rowley,* 139 Cal. 410, 413 [73 P. 156]; *Sparks* v. *Buckner,* 14 Cal.App.2d 213, 219 [57 P.2d 1395].) If the perishable character of the property made a sale necessary, statutory procedures were available. (See Code Civ. Proc., § 689, 8th par.) The prematurity and impropriety of the release is emphasized by the pendency of judicial proceedings which might have clarified the parties' positions.

The eighth paragraph of section 689 states that a hearing to determine title "must be granted" when a party files a timely petition. The hearing must take place within 20 days of the filing. In such a hearing the burden of proof of title is on the claimant. (*Butler* v. *Nepple,* 54 Cal.2d 589, 602 [6 Cal.Rptr. 767, 354 P.2d 239].) As the same statutory paragraph distinctly declares, the hearing must be held "whether any undertaking . . . be given or not."

■ Without holding the mandatory hearing and without requiring the claimant to come forward with proof of title, the trial court entered an order "allowing" the third party claim. The order did not in terms declare where title lay; yet it had the practical consequence of such a declaration. In effect, it permitted the claimant to walk off with the property or its proceeds and left the attaching creditor empty-handed. The summary disposition of the property without taking or considering evidence of title was reversible error. (See *National Auto. Ins. Co.* v. *Fraties,* 46 Cal.App.2d 431 [115 P.2d 997].)

The claimant charges plaintiff with laches and estoppel. These charges are baseless. ■ The contention that the matter is moot because of the sale of the prunes is inacceptable. The record supplies no information regarding the sale price or present possession of the sale proceeds. Plaintiff filed a timely petition for a hearing to determine title, and the statute entitles him to that hearing. If the hearing results in a final title determination adverse to plaintiff, that determination will end the matter. If the determination is adverse to the third party claimant, plaintiff may then consider what remedies to pursue.

Spinelli, the claimant, contends that "attachments are now unconstitutional," citing *Sniadach* v. *Family Finance Corp.,* 395 U.S. 337 [23 L.Ed.2d 349, 89 S.Ct. 1820]. The *Sniadach* case held a prejudgment wage garnishment violative of procedural due process, distinctly confining its holding to wages and wages alone. (395 U.S. at p. 340 [23 L.Ed.2d at p. 353]; see *McCallop* v. *Carberry,* 1 Cal.3d 903, 905 [83 Cal.Rptr. 666, 464 P.2d 122]; *People* ex rel. *Lynch* v. *Superior Court,* 1 Cal.3d 910 [83 Cal.Rptr. 670, 464 P.2d 126]; *McKay* v. *McInnes,* 279 U.S. 820 [73 L.Ed.

976, 49 S.Ct. 353], affirming *McInnes* v. *McKay* (Maine, 1928) 141 A. 699.) It is unlikely, in any event, that Spinelli has standing to make the contention, since the California third party claim statute provides the claimant with a complete and accelerated procedure for trying the question of title.

The order is reversed and the cause remanded to the trial court with directions to determine title in accordance with the provisions of section 689, Code of Civil Procedure, and to take such other proceedings consistent with this opinion as may be appropriate.

Regan, J., and Janes, J., concurred.