[Civ. No. 69441. Second Dist., Div. Five. Apr. 9, 1984.]

ARCATA PUBLICATIONS GROUP, Plaintiff and Appellant, v.
BEVERLY HILLS PUBLISHING COMPANY, INC., et al.,
Defendants and Respondents;
BANK OF AMERICA, Intervener and Respondent.

**COUNSEL**

Chung & Tinberg and Sidney Tinberg for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Anderson, McPharlin & Conners, David T. DiBiase and Eric N. Winter for Intervener and Respondent.

**OPINION**

**FEINERMAN, P. J.**—Plaintiff, Arcata Publications Group, appeals from an order granting intervener, Bank of America's, motion to discharge a writ of attachment.

Plaintiff's appeal presents a question of first impression concerning the statutory requirements necessary to extend an attachment lien under Code of Civil Procedure section 488.510.[1]

---

[1]All statutory references herein are to the Code of Civil Procedure unless otherwise specifically designated.

## FACTS

The operative facts are not disputed. In February 1979, plaintiff filed a complaint against defendants, Beverly Hills Publishing Company, Inc., J. D. Interest, Inc., Jean D. Herbert and Drew D. Herbert, alleging breach of contract, common counts and liability based on a continuing guarantee.

On June 5, 1979, plaintiff obtained a writ of attachment to secure the amount of $100,138.73, and on June 27, 1979, a copy of the writ and notice of attachment was recorded in the office of the Los Angeles County Recorder, attaching certain specified pieces of property in the name of defendant J. D. Interest, Inc. (hereafter, the attached property). On November 30, 1979, the attached property was transferred from defendant J. D. Interest, Inc. to defendant Jean D. Herbert, a shareholder in J. D. Interest, Inc.

On October 19, 1981, defendant. Jean Herbert executed a note in the amount of $280,000, secured by a deed of trust on the attached property in favor of intervener, Bank of America. .

On April 22, 1982, defendants Jean D. and Drew D. Herbert executed another deed of trust on the attached property in favor of S.L.G.H. Investments, Inc. to secure a $350,000 loan.

On May 5, 1982, plaintiff filed a motion to extend its lien of attachment on the attached property for a period of one year pursuant to section 488.510. On May 19, 1982, the trial court granted plaintiff's motion. On May 25, 1982, plaintiff filed notice of the trial court's order extending the attachment in the office of the superior court clerk.

On December 1, 1982, intervener, Bank of America, filed a motion to discharge writ of attachment as to defendant's real property on the ground that plaintiff's failure to record the order extending the writ of attachment rendered "the Writ void and of no further force or effect."

The trial court granted intervener's motion, stating in its minute order: "It appears clear that the intention of the legislature in enacting Code of Civil Procedure 488.510 was to preserve the 'recording' requirement for all phases of attaching and extending attachments of real property. Failure to record notice of extension within the initial three-year period allowed statutory termination of Writ of Attachment to occur."

Plaintiff's appeal from the trial court's order discharging the lien of attachment is cognizable under section 904.1, subdivision (e).

## DISCUSSION

■ It has been held that attachment procedures are solely creatures of statute and that such statutes must be strictly construed. (*Brun* v. *Evans* (1925) 197 Cal. 439, 443 [241 P. 86]; *Commercial & Farmers Nat. Bk.* v. *Hetrick* (1976) 64 Cal.App.3d 158, 165 [154 Cal.Rptr. 345]; *Johnston* v. *Cunningham* (1970) 12 Cal.App.3d 123, 126 [90 Cal.Rptr. 487].)

In May 1982, section 488.510, which pertains to the duration of an attachment lien and the procedure for extending it, provided as follows:

"(a) Unless sooner released or discharged, any attachment shall cease to be of any force or effect, and the property levied upon shall be released from the operation of such attachment, at the expiration of three years from the date of issuance of the writ of attachment under which such levy was made.

"(b) Notwithstanding subdivision (a), upon motion of the plaintiff, made not less than 10 or more than 60 days before the expiration of the three-year period and upon notice of not less than five days to the defendant whose property is attached, the court in which the action is pending may, by order filed prior to the expiration of the period and for good cause, extend the time of such attachment for a period not exceeding one year from the date on which the attachment would otherwise expire.

"(c) The levying officer shall serve notice of such order upon any person holding property pursuant to an attachment and shall record or file such notice in any office where the writ and notice of attachment are recorded or filed prior to the expiration of the period described in subdivision (a) or any extension thereof. Where the attached property is real property, the plaintiff or his attorney, instead of the levying officer, may record the required notice.

"(d) Any attachment may be extended from time to time in the manner herein prescribed, but the aggregate period of such extensions shall not exceed five years."[2]

■ Plaintiff contends that its failure to record notice of the order extending its writ of attachment had no effect on the validity of its attachment lien. It is plaintiff's position that in *filing* notice of the trial court's order

---

[2]Section 488.510 was repealed by Stats. 1982, ch. 1198, § 49, operative July 1, 1983. It was reenacted virtually without change (Stats. 1982, ch. 1198, § 50, operative July 1, 1983).

extending its Writ *with the Los Angeles Superior Court Clerk,* it has complied with the requirements of section 488.510, subdivision (c). Plaintiff claims that in using the phrase "shall record or file" the Legislature meant that a litigant had a choice between two alternatives, either recording the notice of extension or filing it with the court clerk. We disagree. Plaintiff's interpretation ignores the rest of the statute as well as its obvious meaning when read in the context of the statutory scheme regulating attachments.

The obvious purpose of subsection (c) is to provide notice to third persons that an attachment lien has been extended. To attach an interest in real property the levying officer must record a copy of the writ and notice of attachment with the office of the county recorder of the county where the real property is located. (See former § 488.310, now § 488.315.) Subdivision (c) of section 488.510 provides that to give notice of an extension of such a writ the levying officer "shall record or file the notice in *any office where the writ and notice of attachment are recorded* or filed." Obviously, the only office where a writ and notice of attachment are recorded as to real property is the county recorder's office. The requirement of *filing* notice pertains to extensions of attachments against vehicles or vessels (see former § 488.350, now § 488.385, which provides that in order to attach a vehicle or vessel the levying officer must *file* a notice of attachment with the Department of Motor Vehicles), or certain types of personal property (see former § 488.340, now § 488.375, and see former § 488.360, now § 488.405, which provide that notice of attachment be filed with the Secretary of State).

We also note that the filing of the notice in the superior court file would be a useless act. The court file already contains the *order* extending the attachment; so filing *notice* of that order in the same file would not give notice to anyone additional. Contrarily, recording the notice would give notice to all interested parties who inspect the title records relating to that piece of real property.

We hold that recordation of notice, as provided for in section 488.510, subdivision (c), is necessary to perfect an extension of an attachment lien against real property, and that plaintiff's failure to record the notice of extension resulted in statutory termination of the attachment lien. In so ruling, we help to preserve a cohesive system wherein an inspection of the title records will conclusively determine the existence or nonexistence of an attachment lien on real property.

The order is affirmed.

Ashby, J., and Hastings, J., concurred.