[No. H003197. Sixth Dist. Sept. 19, 1988.]

BENEFICIAL FINANCIAL, INC., Plaintiff and Respondent, v. WILLIAM FRANK DURKEE, Defendant and Appellant.

COUNSEL

Bryan Jones for Defendant and Appellant.

Cary L. Dictor, Pamela Y. Price and Alborg & Dictor for Plaintiff and Respondent.

OPINION

**AGLIANO, P. J.**—Defendant, who had recorded an abstract of judgment against a third party, appeals from a summary judgment entered in a declaratory relief action. ▮ The judgment declared that plaintiff's subsequently recorded deed of trust constituted a prior lien upon the third party's real property. The basis of the judgment was that defendant failed to record a certified copy of an application for renewal of his judgment before the judgment lien expired. (Code Civ. Proc., § 683.180, subd. (a).)[1] Defendant obtained his judgment lien before the "operative date" of the Enforcement

---

[1] All further statutory references are to the Code of Civil Procedure.

of Judgments Law (§ 680.010 et seq.), however, the lien expired after the operative date.

The Enforcement of Judgments Law permitted defendant to enforce his judgment after expiration of the judgment and judgment lien under the criteria of the prior law by obtaining leave of court. Following this procedure, defendant filed a motion and obtained an order renewing his judgment. However, the trial court concluded that the procedure did not affect the expiration of his judgment lien. We agree and affirm the judgment.

The parties agree that there is no triable issue of fact. Therefore, plaintiff is entitled to summary judgment if his contention as to the applicability of the law is correct. (*Pacific Auto Ins. Co.* v. *Wolff* (1977) 72 Cal.App.3d 537, 540 [140 Cal.Rptr. 164].)

Defendant obtained a money judgment in a civil action against one Palafax on July 19, 1973, and recorded an abstract of judgment in Santa Clara County.

Palafax owned a residence in San Jose. In 1979, he secured a loan from plaintiff with a deed of trust on the property. Plaintiff recorded the deed of trust.

On May 18, 1983, defendant caused a writ of execution against Palafax's residence to be issued.

July 1, 1983, was the "operative date" of the Enforcement of Judgments Law. (§ 694.010, subd. (a).) Subject to exceptions not here applicable, the new law applies to previously entered judgments. (§§ 694.020, 694.030, subd. (a).)

Defendant filed a notice of motion for renewal of judgment on July 28, 1983. The motion was heard by the court and orally granted on September 8, 1983. Palafax filed a bankruptcy petition which stayed proceedings. Defendant obtained relief from the stay and a written order renewing the judgment was filed on May 24, 1985. A second writ of execution was issued on August 2, 1985. Plaintiff filed the present action on June 17, 1986, and the trial court issued a preliminary injunction which ordered the sheriff's sale to proceed on August 28, 1986, but imposed a lien on the proceeds sufficient to protect plaintiff's interests. Plaintiff filed its motion for summary judgment on February 11, 1987.

Under former section 674, recording an abstract of judgment in a county rendered the judgment a lien upon all nonexempt real property owned by

the judgment debtor in the county at the time or acquired afterward and before the lien expired. (See Stats. 1980, ch. 1281, § 2, p. 4326.) Subject to exceptions not here applicable, former section 674 provided that the lien expired 10 years from the date of entry of judgment.

Former section 681 permitted issuance of a writ for the enforcement of a judgment at any time within 10 years after the entry of the judgment. (See Stats. 1955, ch. 754, § 1.) A judgment could be enforced against real property subject to a judgment lien if a writ was issued within 10 years after entry of judgment, notwithstanding that the actual levy and sale occurred outside the 10-year period. (*Alonso Inv. Corp.* v. *Doff* (1976) 17 Cal.3d 539, 542-546 [131 Cal.Rptr. 411, 551 P.2d 1243].) In the event a writ was not issued within the 10-year period, former section 685 provided that the judgment could be enforced if the judgment creditor obtained leave of court after a noticed motion. (See Stats. 1957, ch. 910, § 1.)

Under the Enforcement of Judgments Law, "upon the expiration of 10 years after the date of entry of a money judgment . . . : [¶] (a) The judgment may not be enforced. [¶] (b) All enforcement procedures pursuant to the judgment or to a writ or order issued pursuant to the judgment shall cease. [¶] (c) Any lien created by an enforcement procedure pursuant to the judgment is extinguished." (§ 683.020.) However, a judgment can be renewed if the judgment creditor files an application for renewal before the expiration of the 10-year period. (§§ 683.120, 683.130.)

Like the prior law, a judgment lien on real property is created under the Enforcement of Judgments Law by recording an abstract of a money judgment with the county recorder. (§ 697.310, subd. (a).) "Unless the money judgment is satisfied or the judgment lien is released, subject to Section 683.180 (renewal of judgment), a judgment lien created under this section continues until 10 years from the date of entry of the judgment." (§ 697.310, subd. (b).)

Section 683.180, subdivision (a), provides: "If a judgment lien on an interest in real property has been created pursuant to a money judgment and the judgment is renewed pursuant to this article, the duration of the judgment lien is extended until 10 years from the date of the filing of the application for renewal if, before the expiration of the judgment lien, a certified copy of the application for renewal is recorded with the county recorder of the county where the real property subject to the judgment lien is located." Renewal of a judgment is a ministerial act performed by the court clerk upon receipt of an application. (§§ 683.120, subd. (b), 683.150, subd. (a).)

Thus, under the law in effect prior to July 1, 1983, a court had discretion to permit enforcement of a judgment lien after the 10-year period. Under the Enforcement of Judgments Law, a judgment lien expires 10 years from entry of judgment unless a certified copy of an application to renew the judgment is recorded while the judgment lien is still in effect.

Defendant contends that his judgment lien did not, by virtue of section 683.180, subdivision (a), automatically expire on July 19, 1983. He argues that the Enforcement of Judgments Law provides a two-year window period during which a judgment and a judgment lien can be renewed under the criteria of the prior law. He relies upon section 694.030, which provides: "(a) Except for a judgment described in Section 683.310 [judgments under Family Law Act] or 683.320 [money judgments against public entities], the period for enforcement of a money judgment or a judgment for possession or sale of property entered prior to the operative date is governed on and after the operative date by Chapter 3 (commencing with Section 683.010).

"(b) Notwithstanding subdivision (a), even though a judgment to which subdivision (a) applies is not renewable pursuant to Chapter 3 (commencing with Section 683.010) because the time for filing an application for renewal has expired, the judgment may be renewed under Chapter 3 (commencing with Section 683.010) if the court which entered the judgment determines, on noticed motion filed within two years after the operative date, that authority to enforce the judgment after the 10-year period provided in former Section 681 would have been granted if a motion had been made under former Section 685 and the court, in its discretion, makes an order authorizing renewal of the judgment. The notice of motion shall be served personally or by mail on the judgment debtor."

Plaintiff argues that section 694.030, subdivision (b), applies to renewal of a judgment, but not to renewal of a judgment lien. We agree.

"In construing a statute, the court must 'ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . .' (Code Civ. Proc., § 1858.) ■ ' "When the statutory language is clear there can be no room for construction of the statute. [Citation.]" ' [Citation.]" (*Keele* v. *Reich* (1985) 169 Cal.App.3d 1129, 1131 [215 Cal.Rptr. 756].)

■ The language of section 694.030, subdivision (b), facially refers only to judgments. Both the prior law and the Enforcement of Judgments Law recognize the distinction between judgments and judgment liens. (See e.g., former § 674 and § 683.180.) We cannot insert into the statute language which treats a judgment and a judgment lien as one and the same.

Thus, while defendant renewed his judgment against Palafax by obtaining an order (§ 694.030), his judgment lien expired on July 19, 1983, 10 years after the date of entry of the judgment, since a certified copy of an application to renew the judgment was not recorded while the lien was still in effect (§ 683.180).

We also observe that the obvious purpose of section 683.180 is to provide notice to third persons that a judgment lien has been extended. (Cf. *Arcata Publications Group* v. *Beverly Hills Publishing Co.* (1984) 154 Cal.App.3d 276, 280 [201 Cal.Rptr. 223] [failure to record notice of extension of attachment lien within the period of the lien's effect resulted in statutory termination of the lien].) Our holding is consistent with preserving "a cohesive system wherein an inspection of the title records will conclusively determine the existence or nonexistence of [a judgment] lien on real property." (*Ibid.*)

The judgment is affirmed.

Brauer, J., and Capaccioli, J., concurred.