[S. F. No. 1127.   Department Two.—April 18, 1898.]

## D. A. CURTIN, Appellant, v. J. H. HARVEY et al., Respondents.

ATTACHMENT—BOND FOR RELEASE—EXTENT OF LIABILITY OF SURETIES.—Under a bond to secure the release of an attachment given in pursuance of section 540 of the Code of Civil Procedure, and reciting that in consideration of such release, the sureties "do hereby jointly and severally promise and undertake in the sum of five hundred dollars, and promise that in case the plaintiff recover judgment in the said action the defendant will, on demand, pay the said judgment . . . . or, in default thereof, the said defendant and his sureties will, on demand, pay to the said plaintiff the full value of the property so released, not exceeding the sum of five hundred dollars," the liability of the sureties is limited to the value of the property released.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

Francis Pope, for Appellant.

F. William Reade, for Respondents.

CHIPMAN, C.—In an action entitled *Joseph F. Shain v. L. Du Jardin* the defendants gave the undertaking, the subject of this action, on release of attachment.

The bond contained the usual preliminary recitals and stated that, in consideration of the release of the attachment, "the undersigned . . . . (defendants here) do hereby jointly and severally promise and undertake in the sum of five hundred dollars, and promise that in case the said plaintiff recover judgment in the said action, the said defendant will on demand pay the said judgment and all legal costs to the proper officer or to said plaintiff, or, in default thereof, the said defendant and his sureties will on demand pay to the said plaintiff the full value of the property so released, not exceeding the sum of five hundred dollars."

1. Appellant contends that under section 540 of the Code of Civil Procedure, judgment should have been given for the full amount of the bond, and not for the value of the released property as was done, and that testimony as to the value of the property attached ought not to have been received.

Section 540 provides that the sheriff must attach and safely keep so much of defendant's property "as may be sufficient to satisfy the plaintiff's demand . . . . unless the defendant give him security by the undertaking of at least two sufficient sureties, in an amount sufficient to satisfy such demand, besides costs, or in an amount equal to the value of the property which has been or is about to be attached."

As we read this statute the sheriff is required to release the attached property when the defendant does either one of two things, to wit: 1. Gives an undertaking sufficient to satisfy the demand; or 2. Gives an undertaking in an amount equal to the value of the property attached. The liability of the surety in the first case is the amount of plaintiff's demand, but in the second case it is the value of the property attached.

It is well settled that the liability of sureties must be determined by the precise terms of their undertaking, and that such liability cannot be extended beyond the terms of their contract. (*Pierce v. Whiting*, 63 Cal. 538, and cases there cited; *Ogden v. Davis*, 116 Cal. 32.) Appellant cites Drake on Attachment, section 322 b, and Shinn on Attachments, section 304, to the propo-

sition that where the bond is in the alternative, viz., that the defendant would pay the judgment or the value of the property attached, the sureties are not entitled to have the judgment restricted to the value of the property. We do not now intend to decide what would be the law if the sureties had given any such undertaking, as was the fact in the cases cited in support of the text, and some other cases cited by appellant. But here the sureties did not agree in the alternative at all; they agreed only to pay the value of the property, and that agreement cannot be extended to include the liability of the defendant in the attachment suit. We do not think there is any good reason for holding the sureties liable under their bond in this case beyond the value of the property attached, for the plaintiff ought not to look to them further than this, as he could have obtained no more had he retained the property and sold it under sheriff's sale; generally he would realize much less after deducting costs of sale.

2. It is objected that the evidence did not support the finding that the value of the attached property was only two hundred dollars. The evidence is not very clear upon this point, the conflict being chiefly between the admissions in defendant's answer and the evidence of witnesses. We think, however, there was sufficient to justify the finding.

The judgment should be affirmed.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed. Henshaw, J., Temple, J., McFarland, J.