MARY M. MURPHY, Adm'x, etc., Appellant, v. W. T. MUR-PHY & Co., H. A. DUER, ET AL., Appellees, and

MARY M. MURPHY, ADM'X, ETC., Appellant, v. W. T. MUR-PHY & Co., A. L. RISELY, ET AL., Appellees.

**Bankruptcy:** PREFERENCE: LIMITATIONS. Under the bankruptcy law
1   of 1898, it is the transfer of the property which is made an act of bankruptcy and not the recording of the instrument; and the four months within which a preference may be avoided by the trustee commences to run at the time the transfer was made.

**Same.** The amendment of 1903, by which the four months' clause of
2   the bankruptcy act is made to count from the date of the recording of the instrument rather than its execution and delivery, is not retroactive, nor does it affect previous constructions of the statute, but limits the time within which proceedings may be instituted.

**Mortgages:** AVOIDANCE: RIGHTS OF CREDITORS. The provision of the
3   bankruptcy act that "claims, which for want of record or other reasons would not have been valid liens against creditors of the bankrupt, shall not be liens against his estate," refers to the va-lidity of liens under the State law; and a creditor existing when a mortgage is executed must have acquired a lien on the mortgaged property, by attachment or otherwise, prior to notice of the mort-gage to entitle him to question its validity; but a subsequent cred-itor may attack it on the ground that he was fraudulently induced to extend credit.

**Same.** Conveyances by a bankrupt can be avoided on the ground
4   that they were given to hinder and delay creditors, only when made within four months prior to the filing of the petition in bankruptcy.

*Appeal from Wright District Court.*— HON. J. H. RICHARD, Judge.

TUESDAY, NOVEMBER 22, 1904.

ACTIONS in equity to foreclose chattel mortgages. The cases were tried together in the court below, and have been submitted together in this court. They may be disposed of in one opinion. In the action first entitled it was alleged that on October 23, 1901, the defendants Murphy executed and delivered to Hanorah Murphy, then living, their promissory note for the sum of $1,510, due in one year, and a chattel mortgage to secure the same, such mortgage covering the entire stock of goods then owned by them, and situate in Woolstock, Wright County; that said mortgage was filed for record February 22, 1902. H. A. Duer, sheriff, and the La Porte Woolen Mills, were made parties defendant, it being alleged as to them that the former, under an execution issued out of the district court upon a judgment in favor of the latter and against Murphy & Co., had levied upon and taken into possession said stock of goods, and refused to surrender the same to plaintiff. A receiver was prayed for, and the defendants Murphy appeared and consented to the appointment of such receiver. The defendants Duer and La Porte Woolen Mills appeared and answered, setting up the judgment against defendants Murphy, the execution in the hands of the former, and the levy thereof on the stock of goods as of date February 25, 1902. It was then alleged that the mortgage to plaintiff, if any such in fact existed, was made to hinder and delay creditors, was without consideration, fraudulent and void. A receiver was appointed, who subsequently made sale of the stock of goods under order of court, realizing therefrom the sum of $1,775.38; the receiver's compensation and that of his attorneys to be deducted therefrom. Thereafter L. J. Clark, trustee in bankruptcy, intervened, alleging that on April 18, 1902, the defendants Murphy were adjudged bankrupts in the District Court of the United States; alleging his appointment as

trustee, and that the mercantile indebtedness of said defendants amounted to more than $4,000, and that said defendants were and are insolvent. The giving and recording of said mortgage was alleged to have been an act of bankruptcy, and judgment was demanded as against all parties for the fund in the hands of the receiver. The further averments of facts in the petition of intervention, as far as material, will be noted in the opinion.

In the action last above entitled it was alleged by plaintiff that on October 23, 1901, the defendants Murphy executed and delivered to Hanorah Murphy their other promissory note for the sum of $1,500, due in one year, and a chattel mortgage to secure the same, such mortgage covering the entire stock of goods owned by them and situate in the town of Knierim, Calhoun County; that said mortgage was filed for record February 22, 1902. A. L. Risely, sheriff, and Henderson & Guinter were made defendants, the allegations as to them being substantially those made against defendants Duer *et al.* in the case first referred to. In this action a receiver was also prayed for and appointed, and he subsequently made sale of the stock, realizing therefrom the sum of $1,238.06; the receiver's compensation and that of his attorneys to be deducted therefrom. The defendants Henderson & Guinter also made answer substantially as did the defendants Duer *et al.* in the case first referred to. Other creditors also intervened, alleging demands against the defendants Murphy, charging fraud, etc., and demanding equitable relief. L. J. Clark, trustee in bankruptcy, also intervened in this case, making allegations as in the other case. The cases having been tried, the court ordered judgment in each case in favor of plaintiff as against defendants Murphy for the amount of the notes sued upon respectively. It was then determined and decreed, in effect, that the several mortgages given by defendants Murphy to plaintiff's intestate were violative of the national bankrupt act, and the same were set aside in favor of the trustee in bankruptcy. The execu-

tion levies were also set aside, and the several amounts in the hands of the receiver, after payment of costs and expenses, to be adjusted and taxed, were ordered paid over to said trustee in bankruptcy. The plaintiff alone appeals in each case.— *Reversed.*

*Birdsall & Birdsall* and *C. M. Nagle,* for appellant.

*Wesley Martin, J. W. McGrath,* and *Eugene Schaffter,* for appellees.

Bishop, J.— As the execution and intervening creditors have not appealed, it is clear that they are bound by the decrees as entered, and we shall have no occasion to take note of that portion of the record devoted to the several contentions made by them. The complaint of appellant in this court obviously has relation to that portion of the decree denying to her foreclosure and the application of the fund in court to the payment of the judgments in her favor. The contentions of the intervener, trustee, etc., are that at the time of the giving and the recording of the mortgages the defendants Murphy were insolvent in fact; that the property covered by said mortgages was all the property owned by said defendants; that by the filing of said mortgages for record on February 22, 1902, the defendants Murphy committed an act of bankruptcy, the same occurring within four months prior to the filing of the petition in involuntary bankruptcy, which occurred on March 18, 1902; that the giving and recording said mortgages were preferential transfers, and so intended, and were given for the express purpose of enabling the mortgagee to secure a greater percentage of her debt than other creditors of the same class; that said mortgages were and are fraudulent and void for that the same were given by insolvent debtors to secure pre-existing indebtedness, and to hinder, delay, and defraud other creditors, and all with the knowledge and acquiescence of the mortgagee, and said mortgages were purposely withheld from record to con-

ceal the fact of the existence thereof, and to enable the mortgagors to obtain credit, and with the secret understanding that the mortgagors might sell the property for their own use and benefit, and without accounting for the proceeds thereof.   To these several contentions we may now give consideration.

I.   That the property covered by the mortgages in question was substantially all the property owned by the defendants Murphy is established by the record.   So, too, it is clear that said defendants were indebted at the time in an amount in the aggregate considerably in excess of the value of such property.   The charge of insolvency, therefore, has been made out.

II.   The intervener does not question the execution or the delivery of the mortgages.   It will be observed that the instruments were not filed for record until nearly four months

1. PREFERENCES: limitations.

after the date of their execution.   It appears that in the meantime the death of Hanorah Murphy had occurred, and the actual filing for record was by this plaintiff.   It will be further observed that it is the filing of the mortgages for record that is charged as the act of bankruptcy.   The federal statutes in force at the time provide (section 3a, Act July 1, 1898, chapter 541, 30 Statute 546 [U. S. Compiled Statutes 1901, page 3422]) that "acts of bankruptcy by a person shall consist of his having * * * (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors," and, further (sections 60a, 60b, 30 Statute 562 [U. S. Compiled Statutes 1901, page 3445]): "A person shall be deemed to have given a preference if, being insolvent, he has * * * made a transfer of any of his property, * * * and the effect of the enforcement of such * * * transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.   If a bankrupt shall have given a preference within

four months before the filing of a petition, * * * and the person receiving it * * * shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." As it seems to us, the language employed in the act as thus quoted presents an all-sufficient answer to the contention that the mortgages in question may be voided on the ground of preference. It is the transfer of the property which is made an act of bankruptcy, and not the recording of the instrument of transfer, and the period of four months commences to run from the time of such transfer. *In re Wright* (D. C.), 96 Fed. Rep. 187; *Dean v. Plane,* 195 Ill. 495 (63 N. E. Rep. 274); *Miller v. Schriver,* 197 Pa. 191 (46 Atl. Rep. 926); *Bank v. Johnson,* (Neb.) 94 N. W. Rep. 837.

Conceding that there may be cases where the transfer cannot be said to be complete until the instrument of transfer has been filed for record, either because delivery is accomplished by such filing, or that it was intended that the transfer should not be complete until the filing of the instrument, yet no such question can arise from the record in this case. The mortgages were both executed and delivered at the same time, and it affirmatively appears that nothing was then nor was there afterwards anything said on the subject of the recording of the same. The plaintiff — a daughter of Hanorah Murphy, and who lived at home with her mother — took possession of the instruments for her mother, and she testifies: "The only reason I can give for not recording sooner was that it was overlooked. The last few months of mother's sickness she needed so much attention that it was overlooked. I never thought of it being necessary to record. After mother's death I asked my attorney what to do, and he told me to record." Moreover, there is no evidence in the record from which the conclusion can be drawn that Mrs. Murphy had reasonable cause to believe that a preference, such as would be violative of the bankrupt act, was

intended. It does not appear that she was advised as to the fact of insolvency. At best, she knew that the defendants had some outstanding bills that were due, and that the holders were pressing for payment; that the money borrowed from her was wanted to liquidate such bills.

Counsel for appellees call attention to the amendment to subdivisions " a " and " b " of section 60, Act July 1, 1898 (chapter 541, 30 Statutes 562 [U. S. Compiled Statutes 1901, page 3445]), approved February 5, 1903, chapter 487, section 13, 32 Statute 799 [U. S. Compiled Statutes Supp. 1903, page 416], whereby the four-months clause is made to count from the date of the recording of the instrument, instead of from the date of the execution and delivery thereof; and further doing away with all question of belief on the part of the transferee. And it is contended that such amendment should be given application here upon the theory that the same simply recognizes and puts into form the rule theretofore existing. In our view, there is no force in the contention. The fact of the amendment makes it clear that the former rule should be construed according to the plain language thereof, and there is nothing in the amendment to indicate that it was intended to have a retroactive effect.

2. SAME:

It is also suggested that section 3b of the bankrupt act (30 Statutes 546 [U. S. Compiled Statutes 1901, page 3422]), is authority for the general position of appellees. We are agreed to the contrary. The effect of the provision is simply to authorize the filing of a petition in bankruptcy at any time within four months after the recording of an instrument whereby a preference is sought to be accomplished. It is a statute of limitation fixing the time within which bankruptcy proceedings may be commenced. Sections 60a and 60b (30 Statutes 562 [U. S. Compiled Statutes 1901, page 3445]), provide what transfers may be avoided by the trustee. There is no conflict between the sections, and the intention is clear.

III.   Section 67a of the bankrupt act (30 Statutes 564 [U. S. Compiled Statutes 1901, page 3449]) provides that

**3. MORTGAGES:** avoidance; rights of creditors.

" claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of a bankrupt shall not be liens against his estate."   The subsection thus quoted has reference only to the validity of lien claims under the law of the State wherein the bankruptcy proceedings are pending.   Collier on Bankruptcy, 481.   In this State an unrecorded chattel mortgage is valid save as against subsequent purchasers and existing creditors, without notice.   Code, section 2906.   A creditor, existing as such at the time of the execution of the mortgage, must obtain a lien, as by attachment or otherwise, upon the mortgaged property, before notice, actual or constructive, of the mortgage, that he may avail himself of the benefit of the statute.   *Allen v. McCalla,* 25 Iowa, 464; *Kern v. Wilson,* 82 Iowa, 407.   A creditor who becomes such after the execution of a mortgage, and before notice thereof, may be heard to assail such mortgage on the ground of fraud in that he was induced to extend a credit that would not otherwise have been given.   *Fox v. Edwards,* 38 Iowa, 215.   The contention of appellees in the respect now under consideration may be disposed of by saying that the record makes it clear that no creditor had acquired a lien upon the mortgaged property prior to the filing of the mortgages for record, nor is it made to appear that any credit was extended to the defendants Murphy between the date of the execution of the mortgages and the date of the filing thereof.

IV.   Lastly, we come to the question whether the trustee may be heard to attack the mortgages in question on the ground that the same were intended to hinder, delay, and

**4. SAME.**

defraud creditors.   The subject comes within the provisions of section 67e of the bankrupt act of July 1, 1898, chapter 541, 30 Statutes 564 [U. S. Compiled Statutes 1901, page 3449], and a mere reading of the section furnishes the answer to the question.   " All convey-

ances, transfers, * · * * of his property * * *
made or given by a person adjudged a bankrupt * * *
within four months prior to the filing of the petition, with
the intent and purpose on his part to hinder, delay, or de-
fraud his creditors, shall be null and void," etc. As we
have seen, the mortgages in question were executed and de-
livered about six months before the filing of the petition in
bankruptcy.

Having considered all the questions raised by the record,
we conclude that the trial court was in error in setting aside
the mortgages held by plaintiff, and in ordering the pro-
ceeds of the property paid over to the intervener, as trustee
in bankruptcy. As the exact amount in the hands of the
receiver appointed by the trial court does not appear from
the record, the cause will be remanded for further proceed-
ings in harmony with this opinion.— *Reversed.*