## In re NEW AMSTERDAM MOTOR CO.

(District Court, S. D. New York. July 23, 1910.)

1. BANKRUPTCY (§ 7*)—STATUTES.

The act of Congress of 1910, amending Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), was not intended to be retroactive.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 7.*]

2. BANKRUPTCY (§ 195*)—LIENS—ATTACHMENT—EXECUTION.

An attachment or execution levied against a corporation not in the classes mentioned in Act Cong. Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1308), amending Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), created an unconditional right of payment out of the property levied on and an actual lien not subject to be defeated by bankruptcy adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 195.*]

3. BANKRUPTCY (§ 38*)—ACT OF BANKRUPTCY—CONSENT TO ADJUDICATION— VOLUNTARY PROCEEDINGS.

Where a corporation within the classes mentioned in Act Cong. Feb. 5, 1903, c. 487, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1308), amending Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), passed a resolution consenting to be adjudicated a bankrupt in involuntary proceedings instituted against it, such proceedings thereupon in substance became voluntary proceedings, though involuntary in form.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 38.*]

In the matter of the New Amsterdam Motor Company, bankrupt.

Herman Goldman, for judgment creditor.

Thomas & Oppenheimer, for bankrupt.

HAND, District Judge. I think that the amendments of 1910 were not intended to be retroactive, in spite of the change in phraseology from section 70 of the original act (Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St. 1901, p. 3451]), as I shall show below. An attachment or execution levied against a corporation not in the classes mentioned in the amendments of 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1909, p. 1308]) created an unconditional right of payment out of the property levied on, an actual lien not subject to defeat by bankruptcy adjudication of any sort. Under well-settled rules I should construe the statute so as not to affect such a right unless the language clearly requires it. Auffmordt v. Rasin, 102 U. S. 620, 26 L. Ed. 262, Murphy v. Murphy, 126 Iowa, 57, 101 N. W. 486, and In re Lee, 14 Nat. Bankr. R. 89, Fed. Cas. No. 8,179, are the nearest cases, and bear out this construction, although none is exactly on all fours with this case.

The only ground for doubt in my mind is because section 70 of the act of 1898 contained a provision that no involuntary petitions should be filed within four months of the passage of the act and no voluntary petitions within one month. Although I can find nothing on it in the books, there can be little doubt that a lien within three months prior to July 1, 1898, would have been invalidated under the

old act by a voluntary petition. Section 70 may be read, therefore, as expressly providing against the retroactive effect of the act generally, and it might be argued that the. subsequent amendments, which had no such clause, were on that account intended to be retroactive. Even if this was so, I. think it would be more in conformity with the usual canon to construe the words ex abundanti cautela; but it is not so. Section 70 was necessary to give the statute a limited retroactive effect; i. e., as to voluntary petitions, but not as to involuntary petitions. Therefore, construed as a limited retroactive clause, the omission of any analogue in either amendment is no ground for inference that they were meant .to have a retroactive effect, and they may be construed as any other act should be construed.

If the corporation was within the scope of the amendments of 1903, it could have become bankrupt by passing a resolution that it was willing to be so adjudged. In short, although the form was involuntary, the substance of such proceedings was voluntary. The inquiry may therefore be confined merely to whether the bankrupt was within the old act, and need not include whether it had in fact committed .an act of bankruptcy. It is clear enough from the papers that the conditions had already arisen which would have invalidated the lien if the corporation .was within the amendments of 1903.

Take a reference upon the question whether the corporation was one which could formerly have been adjudicated.