[Civ. No. 1891.   First Appellate District.—January 26, 1917.]

## CREDIT ASSOCIATION OF CALIFORNIA, Respondent, v. E. W. GRIFFIN et al., Appellants.

ATTACHMENT—BOND TO PREVENT LEVY—BANKRUPTCY OF DEBTOR—LIA-BILITY OF SURETY.—The sureties on a bond given to prevent the levy of an attachment are not exonerated by an adjudication of bankruptcy of the judgment debtor within four months after the commencement of the attachment suit.

APPEAL from a judgment of the Superior Court of Monterey County.   J. A. Bardin, Judge.

The facts are stated in the opinion of the court.

Charles B. Rosendale, for Appellants.

Leopold Oppenheimer, for Respondent.

KERRIGAN, J.—This is an appeal by defendants from a judgment against them as sureties upon a bond given by them for the release of an attachment.

In an action against John Olson, Jr., and another, the plaintiff recovered judgment against Olson for $386.35.   At the time of its commencement an attachment was duly issued, and to prevent the levy thereof the defendants in the present action executed the undertaking above referred to, which obligated the defendants as follows: "Now, therefore, we the undersigned . . . in consideration of the premises and to prevent the levy of said attachment, do hereby jointly and severally undertake, in the sum of $772.76, and promise to the effect that if the plaintiff shall recover judgment in said action we will pay to the plaintiff upon demand the amount of said judgment."   Within a period of four months after the commencement of the attachment suit said Olson was adjudicated a bankrupt by the district court of the United States; and the defendants contend that thereby they were exonerated from the obligation of their bond under the provisions of section 67f of the National Bankruptcy Act [30 Stats. at Large, p. 565, 9 U. S. Comp. Stats. Ann. (1916), sec. 9651, p. 11638, 1 Fed. Stats. Ann. (2d ed.), p. 1130].

The point thus raised has been squarely decided against the contention of the defendants in two cases in this state. In the case of *Rosenthal* v. *Perkins,* 123 Cal. 240, [55 Pac. 804], a provision of the State Insolvency Act, [Stats. 1880, p. 82], similar to the one here involved was construed. That provision named one month as the time prior to the commencement of an action during which, if an attachment were levied, it became void by the filing of a petition in bankruptcy against the debtor, in the same way as under the federal act four months is the period fixed. Referring to that provision, the supreme court said: ''It is clear, for reasons which need not be enlarged upon, that if at the time the proceeding in bankruptcy is instituted there is no attachment in force on which the proceeding can operate, if the attachment lien has already been discharged by a bond for that purpose, then the liability of sureties on the bond is not affected by the subsequent bankruptcy of their principal. . . . The mistake of the defendants lies in supposing that the lien of the attachment in *Rosenthal* v. *Brusie* continued on the attached goods after they had been released to Brusie in consequence of the delivery of the bond. Our statute and the inferences which follow from the decisions of this court seem to put that question at rest.''

In the case of *San Francisco Sulphur Co.* v. *Aetna Co.,* 11 Cal. App. 695, [106 Pac. 113], the provision of the Federal Bankruptcy Act here involved was construed, and the court followed the rule applied in the case of *Rosenthal* v. *Perkins,* 123 Cal. 240, [55 Pac. 804].

One other point is stated in the brief, but it is not at all discussed, and is without merit. We need not therefore refer to it at length.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.