### 12337

### STRAUS *ET AL.* v. FIDELITY & DEPOSIT CO. OF MARYLAND

#### (141 S. E., 683)

1. Bankruptcy—Purpose of Bankruptcy Act is to Preserve All Liens Except Those Expressly Declared Void (11 USCA).—The purpose of the Bankruptcy Act (11 USCA) is to preserve all liens, whether arising by contract or by statute, except those which are expressly declared to be void.

2. Bankruptcy—Attachment Lien was not Avoided in Absence of Showing of Bankrupt's Insolvency When Levy was Made Within Four Months of Bankruptcy (Bankr. Act, § 67c and § 67f [11 USCA § 107c and § 107f]).—Lien of attachment creditor was not avoided under Bankruptcy Act, § 67c, and § 67f (11 USCA § 107c and § 107f), where it was not shown that bankrupt was insolvent when levy of attachment was made within four months before filing of bankruptcy petition.

3. Attachment—Bankruptcy Adjudication Held not to Release Surety on Delivery Bond Releasing Property Attached Within Four Months Before Bankruptcy (Bankr. Act, § 67c, and § 67f [11 USCA § 107c and § 107f]; Code Civ. Proc., 1922, § 517).—Where property attached within four months before bankruptcy of debtor was returned to debtor on delivery bond given under Code Civ. Proc., 1922, § 517, conditioned to pay any judgment recovered by attaching creditor, Bankruptcy Act, § 67c, and § 67f (11 USCA § 107c and § 107f), relating to attachments levied within four months, did not apply, and adjudication of bankruptcy did not release surety on the bond.

4. Trial—Trial of Law Case on Agreed Facts is Equivalent to Motions by Respective Parties for Directed Verdicts or Judgments.—Trial of law case by presiding Judge on agreed statement of facts is equivalent to motions by respective parties for directed verdicts or judgments.

Before WHALEY, J., County Court, Richland, September, 1926.   Reversed.

Action by A. C. Straus and others against the Fidelity & Deposit Company of Maryland. Judgment for defendant, and plaintiffs appeal.

*Messrs. Stuckey & King,* and *S. M. Busby,* for appellants, cite: *Does an attachment levied on the property of a defendant within four months prior to filing of a petition in bankruptcy by defendant, defendant thereafter having been adjudicated a bankrupt, fail:* 17 S. C., 553; 62 S. C., 353; 69 S. C., 23. *Surety on replevin bond not relieved by bankruptcy of principal:* Collier on Bankruptcy (10th Ed.), 377; 227 Pa. St., 262; 4 Rem. on Bankruptcy (3rd Ed.), Sec. 1876, p. 704; 243 Mass., 324; 36 A. L. R., 451; 82 N. Y., 114.

*Messrs. Sloan & Sloan,* for respondent, cite: *Bond did not cover a judgment made inoperative by bankruptcy statute:* 99 U. S., 1. *Exceptions not made in lower Court not considered on appeal:* 116 S. C., 375; 20 S. C., 509; 31 S. C., 147. *Whether surety liable on replevin bond or not depends upon whether attachment was levied within or before the four-month period:* 227 Pa., 262; 82 N. Y., 114; 86 Miss., 295; 130 U. S., 699; 80 Atl., 290. *South Carolina rule:* 17 S. C., 553; 101 S. C., 25; 138 S. C., 478. *Bankruptcy statute provides for vacation of attachments levied within four months prior to filing of petition:* 187 U. S., 165; 194 Fed., 785; 40 C. C. A., 182; 37 C. C. A., 634.

December 16, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action against the defendant, as surety upon a delivery bond, executed by one T. F. Phillips, in an attachment proceeding instituted by the plaintiffs against Phillips.

15—S. C. R.

The chronology of events is as follows: August 8, 1925: Action by Straus Company against Phillips for $190.86; affidavit in attachment, and attachment issued. August 10, 1925: Attachment levied. August 17, 1925: Delivery bond executed by Phillips and the defendant. October 29, 1925: Petition in voluntary bankruptcy filed in the Federal Court by Phillips, and adjudication of bankruptcy. October 29, 1925: Verdict in favor of Straus Company against Phillips for $190.86, and judgment entered for $208.86. Execution issued and return of *nulla bona* by Sheriff. Return not dated. March 5, 1926: Petition filed by Phillips for discharge in bankruptcy. The date of the commencement of this action does not appear in the record, nor the disposition of the petition for discharge.

The action is upon the forthcoming or delivery bond referred to, the condition of which is as follows:

"The condition of the above obligation is such that if the above bound T. F. Phillips, his heirs, executors or administrators, shall and do well and truly pay, or cause to be paid, unto the above named A. C. and C. E. Straus, their executors, administrators or assigns, any and all such judgments and costs as may be recovered by the plaintiffs, A. C. and C. E. Straus, against the defendant T. F. Phillips, in the above-entitled action, then the above obligation to be null and void and of none effect or else to remain in full force and virtue."

The defense of the defendant is, in effect, that the levy of the attachment having been made within four months prior to the filing of the petition in bankruptcy, the attachment was invalidated under the Bankruptcy Act, §§ 67c, 67f (11 USCA, § 107 [c] [f]), and that the bond falls with the fall of the attachment.

The case was heard by his Honor, Judge Whaley, of the Richland County Court, upon an agreed statement of facts, practically reproduced above, on September 18, 1926. On that day he filed a decree, rendering judgment in favor of

the defendant, upon the ground of its defense as above out-
lined. From this judgment the plaintiffs have appealed.

There are two fatal objections to the validity of the judg-
ment below : (1) Under the Bankruptcy Act, the insolvency
of the attachment debtor, at the time of the levy of the at-
tachment, is a prerequisite to the avoidance of the attach-
ment; such insolvency does not appear in the stipulated
facts upon which the case was tried. (2) The property at-
tached having been released upon a forthcoming or delivery
bond, authorized by the statute of this State, before the
bankruptcy of the debtor, the sections of the Bankruptcy
Act referred to have no application, and the adjudication
of bankruptcy does not release the surety upon a forth-
coming or delivery bond.

II. The purpose of the Bankruptcy Act is to preserve
all liens, whether arising by contract or by statute,
except those which are expressly declared to be void.
*In re Kerby-Dennis Co.* (C. C. A.), 95 F., 116; 11 USCA,
p. 187 (Section 107, note 151).

The sections of the Bankruptcy Act referred to, by
their express terms, affect only liens, conveyances,
assignments and attachments, upon the property of
or by an insolvent debtor, insolvent at the time thereof.

In 11 USCA, p. 204 (Section 107, note 186), it is de-
clared :

"In order that an adjudication of bankruptcy may op-
erate to annul a lien obtained within the four months' period,
it is essential that the bankrupt should have been insolvent
at the time the lien was obtained"—citing a multitude of
Federal cases, from the Supreme Court and Circuit Court
of Appeals.

In *Stone-Ordean-Wells Co. v. Mark* (C. C. A.), 227F.,
975, the Court said:

"But the insolvency of the persons against whom the
liens mentioned in this section are obtained is indispensable
to their avoidance by summary proceedings thereunder. It

is liens obtained through legal proceedings against an insolvent, and those only, that are avoided in case he is adjudged a bankrupt."

Lien of judgment creditor held not avoided when it did not appear that bankrupt was insolvent when lien was created within four months' period. *First State Bank of Crook, Colo., v. Fox* (C. C. A.), 10 F. (2d), 116.

In *Liberty National Bank of Roanoke, Va., v. Bear,* 265 U. S., 365; 44 S. Ct., 499; 68 L. Ed., 1057, the Court held that the sections of the Act referred "only to liens obtained * * * against a person who was 'insolvent' when the lien was acquired. If the debtor was then solvent the lien is not invalidated although it was obtained within four months prior to the filing of the petition in bankruptcy. * * * To invalidate the lien the person challenging it must show that the debtor was insolvent when it was obtained. * * * Such insolvency must be both alleged and proved. * * * And, generally, an adjudication in bankruptcy in no way determines whether or not the debtor was insolvent at the time a lien was obtained through legal proceedings against him; there being no presumption arising from the adjudication that he was insolvent for any period before the petition in bankruptcy was filed." See, also, *Lamb v. Kelley,* 97 W. Va., 409; 125 S. E., 102. *Jobbers Co. v. Goldstein* (Tex. Civ. App.), 265 S. W., 1085. *Jenkins v. North Pole Ice Co.,* 83 Pa. Super. Ct., 360; *Smith v. First National Bank,* 36 Colo., 34; 227 P., 826.

II. Under Section 517, Code Civ. Proc., the defendant Phillips, in the original action, executed the forthcoming or delivery bond sued upon in this action. The property levied upon was, of course, returned to the debtor. It or its proceeds possibly swelled the assets turned over to the Trustee in Bankruptcy; certainly the Trustee has not suffered by the release. He is the only one interested in the vacation of a lien. Effect of Bankruptcy

Act is to avoid levies and liens only as against Trustee in Bankruptcy and those claiming under him. *Equitable Credit Co. v. Miller,* 164 Ga., 49; 137 S. E., 771.

The precise situation was presented in the case of *Brown v. Four-In-One Coal Co.* (C. C. A.), 286 F., 512. In that case Brown sued the coal company and had an attachment issued and levied upon its property. The coal company gave a forthcoming or delivery bond and secured a release of the attached property. Within four months thereafter the coal company was adjudicated a bankrupt. The Bankrupt Court issued an order staying proceedings by Brown to obtain judgment against his debtor and to enforce the conditions of the bond. Upon appeal the Circuit Court of Appeals held that the order should be reversed upon the following grounds:

"It does, however, fully appear from this record that the property attached was discharged from the attachment and released to the bankrupt so that at the time the petition in involuntary bankruptcy was filed Brown had no lien upon any of the bankrupt's property that would pass to the Trustee in Bankruptcy for the benefit of general creditors. The provisions * * * of the Bankruptcy Act * * * in relation to attachments levied within four months prior to the filing of a petition in bankruptcy have no application whatever to this case.

The bonds * * * in the attachment suit in the State Court became no part or parcel of the bankrupt's estate, but they did advantage that estate by releasing the attached property from the lien of the attachment and afforded to Brown surety for the payment of his debt when reduced to judgment in that action. By reason of the fact that these bonds were no part of the bankrupt's estate, neither the other creditors nor the Trustee in Bankruptcy for the benefit of creditors could be subrogated to the rights of Brown to recover against the sureties upon this bond, and neither the bankrupt nor the Trustee in Bankruptcy should

be heard to dispute Brown's right to fix, by a judgment in the State Court, the liability of the sureties on these bonds, for neither is interested therein nor prejudiced thereby."

Petition for *certiorari* denied. 262 U. S., 749; 43 S. Ct., 524; 67 L. Ed., 1213.

The same question arose also in the case of *In re Rosenstein* (C. C. A.), 276 F., 704, and was similarly decided. In that case, creditors sued the debtor in the State Court; attachment was issued and levied; the property attached was released upon the filing of a bond signed by a surety company, conditioned upon the payment of what judgment the plaintiff might recover; within four months the debtor in voluntary proceedings was adjudged a bankrupt. The bankrupt Court issued an order staying proceedings in the State Court. The plaintiff then moved that the stay order be revoked, which motion was granted, and the Trustee appealed. The Circuit Court of Appeals sustained the order revoking the stay, saying:

"It thus appears that no prejudice is created against the bankrupt's estate, nor will loss be sustained by it, if a judgment be recovered against the Maryland Surety Company. Plaintiff, in the suit in the State Court, has the right to proceed to judgment in that Court, and may collect on the judgment against the surety. The question of whether a prejudice is thus created against the bankrupt's estate, or loss will be sustained by it, is a question to be determined by the Bankruptcy Court, and not by the State Court; but the State Court has full cognizance of the action to the entry of judgment against the surety company. * * * The trustee of this bankrupt has no interest whatever in the claim against the surety company. The creditors' rights and equities are questions which should be disposed of by the State Court."

To precisely the same effect are the cases of *In re Mercedes Import Co.* (C. C. A.), 166 F., 427; *Credit Associa-*

*tion v. Griffin,* 32 Cal. App., 598; 163 P., 695. *In re Federal Biscuit Co.* (C. C. A.), 214 F., 221.

It does not appear that the Surety Company has been indemnified by the attachment debtor; nothing that we perceive appears to differentiate this case from the authorities above cited.

This is a law case, tried by the presiding Judge upon an agreed statement of facts, the inferences from which are questions of law. The proceeding is equivalent to motions by the respective parties for directed verdicts or judgments, the conclusion of the presiding Judge being held erroneous.

The judgment of this Court is that the judgment of the County Court of Richland County be reversed, and that the case be remanded to that Court for judgment in favor of the plaintiffs under Rule 27.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.