[Civ. No. 1734. Fourth Appellate District.—May 19, 1936.]

C. T. SPARKS, Appellant, v. W. V. BUCKNER, as Sheriff, etc., et al., Respondents.

Clark Clement for Appellant.

H. Scott Jacobs and John F. Pryor for Respondents.

MUNDO, J., *pro tem.*—This is an action against the sheriff and his official bondsman for negligence in releasing property taken by the sheriff under attachment without receiving a sufficient bond for the release of the attached property.

The complaint alleges that plaintiff filed an attachment suit against Peppers Fruit Company; that an attachment was levied by the sheriff upon the property of said company; that this property had a value of five thousand dollars ($5,000); that two days after the levy the sheriff received from the Peppers Fruit Company, as principal, and Columbia Casualty Company, as surety, by mistake, an indemnity bond, which bond, instead of being a bond for the release of said attachment, was a bond against an imaginary third party claim against said property, and thereupon, without receiving any other bond, or without any order of court or written instructions from plaintiff for the release of said attachment, the sheriff released the property from attachment; that plaintiff recovered a judgment of $1498.73 against said Peppers Fruit Company; that no part of the judgment has been paid; that the judgment is final; that the said Peppers Fruit Company ever since the rendering of said judgment has been and now is insolvent and is in the hands of a receiver; that plaintiff was,

by an order issued out of the United States District Court in said receivership proceedings, restrained from enforcing the payment of said judgment against the receivership estate; that said order further provided that plaintiff may enforce said judgment against the Columbia Casualty Company on its undertaking to prevent attachment in said action and/or against the sheriff; that because of said order plaintiff's application to the clerk of the superior court for an execution was refused; that plaintiff duly filed his claim with the trustee in bankruptcy; that the amount which will be received by plaintiff from said bankrupt estate will be only nominal; that as the direct and proximate result of the sheriff's acts and by the omission of his official duty in releasing the property from the attachment, plaintiff has been damaged in the amount of said judgment and interest.

The defendants demurred on the following grounds: 1. That the complaint does not state a cause of action; 2. That there is a defect or misjoinder of parties defendant for the reason that the complaint shows that the Columbia Casualty Company, the company that executed the bond to the sheriff, should be a party defendant in said action; 3. That the complaint is uncertain for the reason that it cannot be determined therefrom what amount will be paid to plaintiff on his claim against Peppers Fruit Company in the bankruptcy proceedings, and for that reason it cannot be determined what the amount of the judgment should be against defendants in the present action.

The court sustained the demurrer with leave to amend. Plaintiff not having amended, a judgment of dismissal was entered. Plaintiff filed this appeal.

It appears from the record filed herein that the defendant in the attachment suit intended to post a bond under the requirements of section 540 of the Code of Civil Procedure to secure the release of the attachment but instead, he delivered to the sheriff a bond in the form required by section 689 of the Code of Civil Procedure which form is used where property is claimed by a third party.

No third party claim was ever filed in the case. The bond was approved by the judge of the superior court before it was taken by the sheriff. The bond was in the following form:

"Indemnity Bond to Sheriff.

"Know All Men By These Presents:

"That We, Peppers Fruit Company, Inc., as Principal and the Columbia Casualty Company, a corporation organized and existing under and by virtue of the laws of the State of New York, and authorized to transact its business of suretyship under the laws of the State of California, as Surety, are held firmly and bound unto W. V. Buckner, Sheriff of Kings County, State of California, in the penal sum of Fifteen Hundred ($1500.00) Dollars, Gold Coin of the United States of America, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 22nd day of July, A. D. 1932.

"The condition of the above obligation is such, that whereas, under and by virtue of a writ of attachment issued out of the Superior Court of Kings County, State of California, said Sheriff was required to attach and safely keep all the property of said defendant within said County of Kings, State of California, not exempt from execution, or so much thereof as might be sufficient to satisfy the plaintiff's demand, the amount of which was stated to be Twelve Hundred and seventy two and 36/100 Dollars ($1272.36), and

"Whereas, the Sheriff, did pursuant to the requirements of said writ, attach the following described property, to wit: Material and equipment.

"Whereas, upon the taking of said property by virtue of said writ of attachment on July 20th, 1932,—made a verified claim in writing to the ownership of the same as provided by law; and

"Whereas, said Plaintiff required said Sheriff to retain said property in his custody under said writ.

"Now, Therefore, if the said principal and surety, their heirs, executors, administrators, successors and assigns, shall well and truly indemnify and save harmless the said Sheriff, his heirs, executors, administrators and assigns, of and from all damages, costs, charges and expenses, including all counsel fees which the said Sheriff, his heirs, executors, administrators or assigns may incur in consequence of the legal enforcement of payment of the penalty of this bond, or in defend-

ing any action brought against him for the recovery or for the taking or conversion of said property claimed as aforesaid, and against all loss or liability which said Sheriff, his heirs, executors, administrators or assigns shall sustain or in anywise incur, for or by reason of the attaching, seizing or taking of said property by said Sheriff, or by reason of the withholding of the same from the rightful owner thereof under and by virtue of said writ of attachment, then this obligation to be void, otherwise to remain in full force and effect.                :

"And it is expressly provided that it shall be lawful for the said Sheriff, his heirs, executors, administrators or assigns, to bring suit against the principal and surety hereto, or either of them, or their or either of their executors, administrators or assigns, immediately upon the rendition of any judgment against the said Sheriff, his heirs, executors, administrators or assigns and that said Sheriff shall not be required first to pay the said judgment or counsel fees in order to entitle him or his legal representatives to maintain such suit and recover judgment thereof; and the Court wherein said judgment may be rendered against said Sheriff for the taking, or conversion of withholding, or sale, or disposition of said property, or any part thereof, may, on motion of said Sheriff, and with or without notice to said principal and surety, or any or either of them, for the amount of such judgment recovered against said Sheriff, and for costs and reasonable counsel fees.

"PEPPERS FRUIT CO. INC.

"T. H. PEPPERS, Pres.

"COLUMBIA CASUALTY COMPANY,

"By ROY FREDERICK,

"Attorney-in-fact.

" (Seal)

"State of California,⎫ ss.
  County of Kings. ⎭

"On this 22nd day of July, A. D. 1932, before me, J. L. C. Irwin, a Notary Public in and for the County of Kings, personally appeared Roy Frederick, Attorney-in-fact of the Columbia Casualty Company, to me personally known to be the individual described in and who executed the within instrument, and he acknowledged the execution of the same, and

being by me duly sworn, deposeth and saith, that he is the said Attorney-in-fact of the company aforesaid, and that the seal affixed to the within instrument is the corporate seal of the said company, and that the said corporate seal and his signature as such Attorney-in-fact were duly affixed and subscribed to the said instrument by the authority and direction of the said corporation.

In Witness Whereof, I have hereunto set my hand and affixed my official seal at my office in the City of Hanford, State of California, the day and year first above written.

"J. L. C. IRWIN,
"Notary Public in and for said
"County of Kings, State of California.

"(Seal)

"[Endorsed:] Approved this 22 day of July, 1932, K. Van Zante, Judge of the Superior Court, Kings County, California."

Respondents contend that this indemnity bond is a sufficient bond under section 540 of the Code of Civil Procedure; and that the sheriff was not negligent in taking such a bond for the release of the attachment after the bond had been formally approved by the judge of the superior court from which the attachment issued.

The writ of attachment is directed to the sheriff and it requires him to attach and safely keep all the property of the defendant within the county not exempt from execution, or so much thereof as may be sufficient to satisfy the plaintiff's demands against the defendant. He is required to do this "unless such defendant give him security by the undertaking of at least two sufficient sureties, which must first be approved by a judge or justice of the court issuing the writ . . . or deposit a sum of money with the sheriff . . . in an amount sufficient to satisfy such demand against such defendant, besides costs, or in an amount equal to the value of the property of such defendant which has been or is about to be attached, in which case to take such undertaking or sum of money in lieu of the property which has been or is about to be attached; . . . " (Code Civ. Proc., sec. 540.)

The sheriff has no authority to let the property under attachment go out of his hands, except in due course of law; and if he does, and the debt is lost, he is responsible to the

plaintiff in the attachment for the amount of the debt. (*Hesser* v. *Rowley,* 139 Cal. 410, 413 [73 Pac. 156]; *Sanford* v. *Boring,* 12 Cal. 539.) There is no authority given by virtue of his office to release property before the return of the writ, except upon the giving of the undertaking, as provided in section 540 of the Code of Civil Procedure. His powers and duties are ministerial in their nature. He is an officer of the court and should render obedience to the mandates of court unless the process or order appears upon its face to be illegal or that it was issued without jurisdiction (23 Cal. Jur. 294); and in the execution of orders and process of court he will be protected if same are issued by competent authority and are regular on their face. (*Burlingame* v. *Traeger,* 101 Cal. App. 365 [281 Pac. 1051].) This rule of protection, however, does not extend to matters which may not properly be called process or orders of court. The sheriff would have no right to question a valid order of the court, nor would he be required at his peril to look behind the order if it appears to be regular on its face and issued by a court of competent jurisdiction. But here there was no order; the court did not order the execution of any process, nor order the sheriff to do a single thing. The judge merely approved a bond which was presented to him by the sheriff. It might have been negligence on the part of the sheriff to have taken a bond which had not been approved by a judge; and it seems reasonable to say that he would be equally as negligent if he took a bond to the judge for approval when the bond upon its face appears to be the wrong form of bond. It is the duty of the sheriff to see that he has in his hands a proper bond before he releases property under attachment. A proper requirement would be for him to check the form of the bond and satisfy himself that the particular bond is regular on its face and applicable to the situation at hand. If he has any doubt as to the sufficiency of the bond in this regard he may require the defendant to put the bond in proper form. The *ex parte* approval of the bond by the judge should not operate to relieve the sheriff of his responsibility to make certain that the bond is in proper form.

The condition of the bond which was taken by the sheriff in this case indicates that the sole obligation of the surety company is to indemnify the sheriff against conver-

sion of property belonging to a third party claimant. The bond indemnifies the sheriff against loss or liability sustained "by reason of the attaching, seizing or taking the said property by said sheriff or by reason of the withholding of same from the rightful owner thereof under and by virtue of said writ of attachment''.

The bond does not obligate the surety company to pay any judgment that might be rendered in the attachment suit. It is true that the circumstances attending the taking of this bond indicate an intention to furnish a bond which would comply with the requirements of section 540 of the Code of Civil Procedure, but even with the aid of these circumstances the bond cannot be read to express the condition required by this section of the code. The section does not prescribe the particular form of bond. It does, however, contemplate an undertaking which will be taken instead of defendant's property, "and is for the benefit of the plaintiff, who is the party in interest, and not for the protection of the sheriff. It is the mode prescribed by the statute for securing the demand pending the action. If the sheriff takes a sufficient statutory undertaking his duty in the premises is discharged, and he has no further responsibility in the matter.'' (*Curiac* v. *Packard,* 29 Cal. 194.) In *Christal* v. *Kelly,* 88 N. Y. 285, the court, in explaining the purpose of a statute similar to ours, said, "It was intended for the benefit of defendants whose property has been, or might be, attached under process, to enable them to substitute, for the property which had or might be attached, security for the payment of any judgment which might be recovered in the action, and thereby relieve their property from the actual or apprehended lien of the process.'' The statute, in this respect, is for the benefit of the defendant, but the bond required by the statute is for the benefit of the plaintiff and is security for the judgment which may be given to him.

It is clear that the bond here under consideration is inadequate to charge the surety company with the obligation to pay the amount of the judgment, if the property was released. The bond was for the security of the sheriff rather than for the benefit of the plaintiff. Under section 540 the liability of the surety is the amount of plaintiff's demand in the first instance and in the second case it is the value of the property attached. The liability of the surety must be

determined by the precise terms of their undertaking, and such liability cannot be extended beyond the terms of its contract. (*Curtin* v. *Harvey*, 120 Cal. 620 [52 Pac. 1077]; sec. 2836, Civ. Code.)

In all the cases cited by respondents in which a purported statutory bond, not complying specifically with the statute, has been held to be good, there was a direct promise in the bond to pay the judgment. Respondent's contention that the bond is sufficient as a common-law bond is not tenable. It does not in substance contain a promise to pay the judgment if the property was released, but is conditioned exactly as respondents say on page 21 of their brief: "to indemnify the sheriff against damages, expenses, loss and liability which may result from the conversion of the property or by reason of the withholding of the same from the rightful owner". The bond recites that "said *plaintiff* required said sheriff *to retain* said property in his custody under said writ". This is exactly what the plaintiff would do in the event a third party were claiming the property under attachment, but why should the plaintiff in this case require such a thing? Indeed, he would not; and he would have no right to require the sheriff to withhold the property. He has, under section 540, nothing to do with the release of the property; that is a matter between the sheriff and the defendant. The sheriff must take a bond which would have the effect of guaranteeing the payment of plaintiff's demand. It is not a case of *retaining* property; it is a case of *releasing* property. (*Turner* v. *Fidelity & Deposit Co.*, 187 Cal. 76 [200 Pac. 959].) The bond is not a common-law bond, but is the statutory bond required by the Code of Civil Procedure, section 689; and it does not satisfy the requirements of section 540 of the Code of Civil Procedure. The obligations of the bonds required by these two sections are different and not interchangeable. The sections contemplate entirely different situations.

Respondents cite the case of *Bridges* v. *Price*, 95 Cal. App. 394 [273 Pac. 72], as authority for the argument that section 540 is a part of this bond as effectually as if the provisions of the code section were in words inserted in it. The situation which obtained in the Bridges case is not at all the situation here, and, therefore, the law of that case is inapplicable.

Respondents' next contention is that the plaintiff can sue directly on this indemnity bond although the bond runs

to the sheriff. This would be true if the Columbia Casualty Company had undertaken to pay any judgment that plaintiff might recover, but, as it is, no such obligation exists, and, consequently, no cause of action exists in favor of the plaintiff and against this company. (*Curiac* v. *Packard, supra.*)

It is argued by respondents that the judgment of plaintiff against Peppers Fruit Company was of no value, because of the order of the federal court prohibiting the issuance of an execution. And, they say, the sheriff should not answer in damages to plaintiff who may have been injured through his negligence in a case where the damages would have been sustained notwithstanding the malconduct of the sheriff.

The attachment levied, as it was in this case, created an unconditional right of payment out of the property levied on, an actual lien not subject to defeat by bankruptcy adjudication of any sort. (*In re New Amsterdam Motor Co.*, 180 Fed. 943.) "The bankruptcy law recognizes all valid liens that existed four months prior to bankruptcy proceedings." (*In re Beaver Coal Co.*, 113 Fed. 889.) If this lien had not been released by the sheriff it would have been recognized and enforced in the bankruptcy court. Had the attachment been released upon a proper undertaking the undertaking would stand as a substitute for the lien. In *Harding* v. *Minear*, 54 Cal. 502, the court makes this statement, "If the proceedings in bankruptcy would not have had the effect, under the Bankrupt Law, of discharging the attachment which had been levied upon the property of the defendant if an undertaking had not been given, they will not have the effect of releasing the undertaking which was given." (See *Tormey* v. *Miller*, 31 Cal. App. 469 [160 Pac. 858].) In either event the plaintiff would have been secured; he would have the lien in the one instance, or its substitute in the other. In the latter instance the sureties on the bond would not be exonerated by an adjudication of bankruptcy of the defendant Peppers Fruit Company. (*Credit Association* v. *Griffin*, 32 Cal. App. 598 [163 Pac. 695].) The damage, it seems to us, would relate to the release of the attachment by the sheriff without taking a bond which would bind the surety company to pay any judgment plaintiff might recover in the attachment suit. As it was, he lost his attachment lien and with it the right to have this lien recognized in the bankruptcy court, and he

got no substituted security against which he could rely for the satisfaction of his demand.

■ There is no defect or misjoinder of parties defendant for the reason that the plaintiff has no cause of action against the Columbia Casualty Company. The bond ran not to the plaintiff but to the sheriff. As we have seen, the obligation of the bond cannot be extended beyond its terms. Whether or not the sheriff has a cause of action against the Columbia Casualty Company on the undertaking is no concern of plaintiff and does not make that company a necessary party defendant to plaintiff's cause of action. The only cause of action stated in the complaint, and we believe it to be sufficiently stated, is against the defendant Buckner for negligence. His general surety and not the Columbia Casualty Company is a proper party to be joined by plaintiff as a party defendant in this action which is based on the negligence of the defendant Buckner.

■ Paragraph eleven of plaintiff's complaint alleges:

"That on the —— day of July, 1933, said Peppers Fruit Company was duly adjudged a bankrupt in said United States District Court.

"That a trustee in bankruptcy in said proceedings was duly appointed; that the plaintiff C. T. Sparks, duly filed his claim therein for the whole of said judgment and interest.

"That plaintiff is informed and believes, and therefore alleges that the liquidation of the physical assets of said bankrupt will gross about $8,500.00; that in addition there will be collected from a bonding company as a part of the assets of said bankrupt the further sum of $4,800.00; that the general claims filed in said bankruptcy proceedings are in excess of the sum of $200,000.00; that the amount, therefore, which will be received by said C. T. Sparks from said bankrupt estate will be only nominal."

Respondents contend that the court would be unable, on the facts as alleged, to determine the amount of the judgment to be rendered against the defendants. The uncertainty complained of is more apparent than real. Plaintiff has set forth the maximum amount that would be received from the bankrupt estate. In no event could the defendants claim credit for more than the maximum amount. The fact that the calculations are not carried through to show what the

exact amount would be does not make the complaint uncertain, when all the figures are given from which it may be easily ascertained.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 15, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1936.